## The Borough of Easton *versus* Lehigh Water Co.

## The Lehigh Water Co. *versus* Borough of Easton.

1. By the Act of May 4th 1854 sect. 8, Pamph. L. 545, the West Ward Water Company was required to "furnish water for the extinguishment of fires" in the town of Easton, "at points and places along improved property supplied with water. * * * Provided, that the town council shall be at the expense of erecting * * * fire-plugs, etc." By the Act of May 5th 1855, sect. 4, Pamph. L. 448, a supplement to the above-named act, said company was required to furnish "a sufficient supply of water for the extinguishment of fires, as provided for in the eighth section of the act to which this is a supplement, to erect * * * at their own expense fire-plugs as designated in said section, etc." *Held*, that the true intent and meaning of the section of the supplementary act above cited was to require the West Ward Water Company to provide a sufficient number of plugs and an adequate supply of water to extinguish fires.

2. The same section of said supplementary act provided further that where the pipes of said West Ward Water Company should be laid in the same streets with those of the Easton Water Company, a corporation already in existence, the duty of erecting the plugs should be performed alternately by the two companies. This duty had previously been performed in said streets solely by the Easton Water Company, in accordance with its act of incorporation and the supplements thereto. By the second section of said supplementary act the West Ward Water Company was authorized "to purchase * * * all the property * * * of the Easton Water Company * * * and the same to hold, occupy and enjoy, * * * subject nevertheless to the liabilities * * * contained in the act incorporating said Easton Water Company." Said supplementary act contained other sections providing for the charges for use of water and other matters entirely foreign to those above mentioned. These latter sections the Easton Water Company by a vote of its board of directors, refused to accept. Subsequently the West Ward Water Company bought a portion of the pipes and property of the Easton Water Company, on streets where their own pipes were already laid. *Held*, that the rejection by the Easton Water Company of the sections of said supplementary act relating to charges for the use of water, etc., could not be deemed a rejection of the remainder of the act, but rather as an implied acceptance thereof, and that therefore said company had become liable to perform the duties imposed by the fourth section of said supplementary act in relation to the erection of plugs on streets where the pipes of the West Ward Water Company were also laid. *Held, further*, that the West Ward Water Company, although they had not purchased the whole property of the Easton Water Company, had succeeded to all its duties in the localities where they had purchased its property, and among others to the duties imposed by the fourth section of said supplementary act.

3. A mandamus lies where there is a clear legal right in the relator, a corresponding duty in the defendant, and a want of any other adequate, appropriate and specific remedy.

4. Where in a mandamus proceeding certain defences are not set up in the defendant's return to the writ of alternative mandamus, or made in the court below, they will not be considered on error to the Supreme Court.

April 1st 1881.     Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

[Borough of Easton v. Lehigh Water Co.]

Error to the Court of Common Pleas of *Northampton county*: Of January Term 1881, Nos. 65, 287.

Upon the petition of the corporation of the borough of Easton, and Joseph M. Hackett, president of town council, relator, plaintiff, against the Lehigh Water Company, the court awarded a writ of alternative mandamus, requiring the defendant company to erect a certain number of fire-plugs at specified places in said borough of Easton, for the purpose of furnishing a sufficient quantity of water for the extinguishment of fires at the points named. The respondents filed an answer, and, upon issue joined and application for a writ of peremptory mandamus, it was agreed by the parties that an auditor should be appointed to report the law and facts to the court. The auditor (Hon. William Mutchler), made a report, finding certain facts, which are fully set forth in the opinion of this court, and recommended that the mandamus issue to compel the Lehigh Water Company to erect the additional fire-plugs at the said points and places in said borough west of Eighth street.

Exceptions filed by both parties to the auditor's report, were dismissed by the court, the report confirmed, and a decree entered that a writ of mandamus issue as recommended by the auditor. Both parties sued out writs of error, assigning for error respectively, the dismissal of their exceptions. The eighth assignment of the borough of Easton was as follows: "The court erred in ordering and decreeing that a writ of mandamus issue to compel the Lehigh Water Company to erect the additional fire-plugs at points and places in that portion only of the borough of Easton lying *west* of Eighth street, designated in the relator's petition. The order and the judgment of the court should have been that the mandamus issue to compel the Lehigh Water Company to erect the additional fire-plugs prayed for, not only at the said points and places in the said borough of Easton, *west* of Eighth street, but also at the points and places designated in the said relator's petition lying *east* of said Eighth street."

The second assignment of the Lehigh Water Company was as follows: "The court erred in awarding a writ of peremptory mandamus to compel the Lehigh Water Company to erect the additional fire-plugs at points and places in that portion of the borough west of Eighth street, designated in the relator's petition."

Both writs of error were argued together.

*W. S. Kirkpatrick*, for the Borough of Easton.

*W. W. Schuyler*, for the Lehigh Water Company.

Mr. Justice PAXSON delivered the opinion of the court, May 2d 1881.

This was a mandamus to compel the Lehigh Water Company to erect a certain number of fire-plugs in the borough of Easton, to

[Borough of Easton *v.* Lehigh Water Co.]

supply said borough with water for the extinguishment of fires. Each party has taken a writ of error to the judgment of the court below ; the water company because the mandamus was too broad ; the borough because it was not broad enough.

Without going into unnecessary detail it is manifest the Lehigh Water Company, as the purchaser at a judicial sale of the property and franchises of the West Ward Water Company, became entitled to all the rights and privileges of the latter, and at the same time liable to the burdens and duties imposed by its charter. The eighth section of "an act to incorporate the West Ward Water Company," passed 4th May 1854, Pamph. L. 545, provides " That the said West Ward Water Company shall from time to time, and at all times, furnish water for the extinguishment of fires free of charge to the borough, at points and places along improved property supplied with water by said company : Provided, That the town council of the said borough shall be at the expense of erecting and keeping in repair fire-plugs, at the points and places above designated, and the said water company is also authorized to supply individuals and corporations with water for family and other purposes, for such compensation as may be agreed upon between the said company and individuals or corporations, or according to the rates adopted by said company."

It will be noticed that this section does not designate the quantity of water that shall be furnished, nor the number of fire-plugs that shall be erected. Hence it was contended by the company that any quantity of water, however small, and two fire-plugs, complied with the letter of the statute, and the borough could not claim more because not expressly given.

On the 5th May 1855, the legislature passed a supplement to said act (Pamph. L. 448), by the 4th section of which it was provided : " That it shall be the duty of the West Ward Water Company, in addition to furnishing a sufficient supply of water for the extinguishment of fires, as provided for in the eighth section of the act to which this is a supplement, to erect and keep in repair at their own expense fire-plugs, as designated in said section, and in the event of an ornamental fountain being erected by the borough or citizens thereof, to supply the same with a reasonable quantity of water free of charge : Provided, That in such parts of the said borough as the said company shall lay pipes and furnish water along the streets, in which the Easton Water Company have erected fire-plugs, the said West Ward Water Company shall alternate with the Easton Water Company, in the erection and keeping in repair of a sufficient number of fire-plugs for the said borough."

This section shifts the burden of erecting the fire-plugs and keeping them in repair, from the borough, upon which it was placed by the Act of 1854, to the company. So much is plain. It was contended, however, that it did no more ; that it did not

[Borough of Easton v. Lehigh Water Co.]

enlarge the Act of 1854 either as to the quantity of water or the number of plugs the company were to supply. A careful reading of the section shows that its object was fourfold: 1. To secure to the borough a sufficient supply of water for the extinguishment of fires. 2. To throw the burden of erecting the fire-plugs and keeping them in repair upon the company. 3. To provide a supply of water for an ornamental fountain at the expense of the company, and 4. To require the company to alternate with the Easton Water Company in erecting fire-plugs and keeping them in repair upon the streets jointly occupied by the two companies with their pipes. It was urged, however, that the first portion of the section which refers to a "sufficient" supply of water was but a recital of the eighth section of the Act of 1854, and as the latter does not designate the quantity of water, nor even provide there shall be a "sufficient" supply, it was a misrecital; and that so far as the Act of 1855 was a construction of the Act of 1854, it was void, for the reason that the construction of Acts of Assembly belongs exclusively to the judicial department of the government.

We regard this as a narrow view. It is not denied that the legislature had the power to require the West Ward Water Company to furnish a sufficient supply of water, and that if the words "as provided for in the eighth section of the act to which this is a supplement" had been omitted from the Act of 1855, it would have imposed such duty upon the company. It would not be difficult to punctuate the said section of the latter act so as to make the words above quoted apply to "the extinguishment of fires" only, but such a rule of interpretation is not necessary for the purposes of this case. One of the manifest objects of the section was to provide a sufficient supply of water for the purposes referred to. Nor do we agree to the restricted construction claimed by the company for the Act of 1854. While, as before observed, the latter does not designate the quantity of water, it does clearly specify the purpose to which it is to be applied, viz.: the extinguishment of fires. We must give the act a reasonable construction. When it provides that the company shall furnish water for the extinguishment of fires, the evident meaning is so much water as may be necessary for such purpose. It does not meet the case to say that furnishing some water, i. e., one gallon, fulfils the requirement of the act. Yet this is the *reductio ad absurdum* to which the argument upon this point would lead us.

We are of opinion that the court below was right in ordering the mandamus to go out for the erection of the fire-plugs on the west side of Eighth street. It remains to consider its refusal to issue it for the fire-plugs on the east side of said street. This rests upon different principles.

The Easton Water Company was incorporated by an Act of Assembly approved March 24th 1817, Pamph. L. 231, for the

purpose of introducing water into the said borough, and it was provided by its charter that the said company "shall, in such streets or parts of the said borough where pipes shall have been laid, erect hydrants to be used solely for extinguishing fires."

The West Ward Water Company was subsequently incorporated as before stated, "for the purpose of introducing into that part of the borough of Easton, lying west of a newly-laid out street called Sitgreaves street, and into such portions of Forks township as are adjacent, a supply of pure water for the use of the inhabitants of the same." Sitgreaves street is now known as Eighth street. Then came the supplement to the act incorporating the West Ward Water Company, which provides that said company shall alternate with the Easton Water Company in the erection of fire-plugs as before stated. It was urged that this was imposing an additional burden upon the Easton Water Company, and was beyond the power of the legislature; that the latter company by a resolution of its board of directors refused to accept the provisions of the said supplement of 1855. We are unable to see how the supplement increased the burdens of the Easton Company. On the contrary it operated in relief of that company by requiring the West Ward Company to alternate in what before was the sole duty of the former company. Further, the resolution of the board of directors referred only to the fifth and sixth sections of said supplement, which relate to the charges for the use of the waters and other matters entirely foreign to the fourth section.

By the second section of said supplement, the West Ward Water Company was authorized "to purchase and consolidate all the property, real, personal or mixed, belonging and appertaining to the Easton Water Company, and the same to hold, occupy, use and enjoy, together with all the rights, privileges, powers and authority of said Easton Water Company, of whatsoever kind or nature, upon such terms and conditions as may be agreed upon by the said companies, subject. nevertheless, to the liabilities, restrictions, regulations and requirements contained in the act of incorporation of the said Easton Water Company, and the several supplements thereto, and the act of incorporation of the said West Ward Water Company, and this act."

At the time of the passage of the said supplement, the Easton Water Company had in operation two sets of waterworks and pipes, by which it supplied water to the people of the said borough. The larger and more extensive works and system of pipes were used in supplying water from the river Delaware, and the other from a spring on the hill north of the borough. The former constituted the principal works of the Easton Water Company. The two systems of pipes were connected together at one point while owned by this company. In the year 1856, in pursuance of said supplement, the Easton Water Company sold to the West Ward Water Company the real estate, machinery, works, reservoir, pipes and

plugs by means of which it supplied the borough with water from the river Delaware. It still retained, and has since continued to operate, its spring waterworks. These are of much smaller dimensions; the springs are limited in capacity, supply but a small portion of the borough, and have never furnished sufficient water for extinguishing fires. No fire-plugs were ever erected in connection with said spring water pipes. There were, at the time of said sale, about twenty-two fire-plugs which had been erected by the Easton Water Company which passed in the sale to the West Ward Water Company.

We have already seen that, after the passage of the supplement to its charter in 1855, the West Ward Water Company was required to erect and keep in repair all the fire-plugs west of Eighth street, and to erect and keep in repair one-half of the plugs east of that street, where the Easton Water Company had already erected plugs. The contention is as to the other half of the plugs east of Eighth street. Did the burden of erecting and repairing them pass from the Easton Water Company to the West Ward Water Company with the sale of the Delaware works in 1856?

It may be conceded that if the Easton company had sold all its works to the West Ward company, as it was authorized to do by the second section of the Act of 1855, there would be no doubt as to the liability of the latter company to erect and keep in repair all the plugs throughout the borough, because the act provides that the purchase should be subject to the restrictions and requirements of the charter of the Easton Water Company. But it is contended that this burden did not pass to the West Ward company, because, 1. The Easton company rejected the Act of 1855; and, 2. The West Ward company merely purchased a portion of the property of the Easton company, but did not acquire its franchises, and is not therefore chargeable with its burdens. Neither of these positions is tenable. The alleged rejection of the Act of 1855, as before stated, was confined by the resolution of the board of directors to sections 5 and 6, which have nothing to do with this contention. The express rejection of two sections of the act must be regarded as an implied acceptance of the remainder, and the maxim *expressio unius est exclusio alterius* applies. Beside, the sale of the Delaware works to the West Ward company was manifestly made under the second section of said act. Hence we see the reason why the board of directors of the Easton company were careful to point out the sections which they declined to accept. The proposition that, because the West Ward company did not acquire *all* the property and rights of the Easton company, it was not charged with any duties in regard to the erection of fire-plugs is equally unsound. The duty of erecting plugs was imposed upon the Easton company by reason of its occupancy of the streets with pipes. When it transferred the Delaware works, together with those pipes and the right to operate them, to the West Ward company, the

[Borough of Easton *v.* Lehigh Water Co.]

burden imposed thereon passed with the grant. It is no answer to this to say that the West Ward company had already the power by its charter to lay pipes in the same streets, and even to buy the pipes and works of the Easton company, without the Act of 1855. Had it so laid its pipes, it would have been required to alternate with the Easton company in the erection of plugs. By the purchase of its works and pipes, and to this extent it acquired the rights, and subjected itself to the burdens, of that company.

It remains to notice a few minor matters. The objection to the form of the proceeding was not specifically assigned for error, and does not need elaboration. A mandamus lies where there is a clear legal right in the relator, a corresponding duty in the defendant, and a want of any other adequate, appropriate and specific remedy: Com. ex rel. Hamilton *v.* The City of Pittsburgh, 10 Casey 496. The same principle has been asserted in numerous subsequent cases. The practice of referring such cases to an auditor is novel, but as it was not objected to, we see no reason why the facts may not be ascertained in this way.

The objection that the burden imposed upon the water company was oppressive and unusual is without force. The time to have considered that matter was when the company was proceeding to organize under its charter. If the charter contained oppressive conditions in favor of the borough, the company could then and there have rejected it. But having accepted the charter they must take it *cum onere.*

It was further contended that the mandamus should not issue, because, first, the question in controversy was *res adjudicata,* and second, the company having accepted the provisions of the Act of 1874, and obtained a new charter thereunder, the burdens imposed by former acts no longer exist.

These questions cannot be considered here for the reason they were not made in the court below. They do not appear in the return by the defendant company to the writ of alternative mandamus. That was the time and place to set up any matter of defence. The record of the suit, No. 65, April Term 1874, appears to have been offered in evidence before the auditor. It was objected to, however, and there appears to have been no ruling upon the objection. We do not regard it as a part of the case.

The necessity for the additional fire-plugs was a question of fact which the auditor has found in favor of the borough, and we think upon sufficient evidence.

The judgment of the court below is affirmed upon the writ of error of the Lehigh Water Company, No. 257, January Term 1881; and the said judgment is reversed upon the writ of error of the borough of Easton, No. 65, January Term 1881; and it is further ordered that a writ of peremptory mandamus issue as prayed for in the petition of the plaintiff below.