Goodman et ux., Appellants, *v.* Meade et al.

Argued March 24, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Geo. T. Steeley*, with him *Carr & Krauss*, for appellants.

*Joseph H. Lieberman*, with him *Frank F. Truscott*, City Solicitor, for appellees.

OPINION BY ROSS, J., July 23, 1948:

This is an appeal from the refusal of a writ of mandamus.

The plaintiffs are the owners of two pieces of real estate situated at 203-5 and 207-9 North Broad Street in Philadelphia. This proceeding involves the tax assessments on the properties for the year 1946.

In 1944 the properties were assessed for the year 1945 by the Board of Revision of Taxes at valuations of $86,600.00 and $121,000.00 respectively. The owners appealed from the assessments to the Court of Common Pleas and on July 18, 1945, the court entered decrees nisi sustaining the appeals and fixing the assessed val-

uations at \$60,000 and \$80,000.00. On July 24, the board filed exceptions to the decrees which were dismissed on November 21, 1945 and no appeals were taken therefrom. Consequently, on that date the assessed valuations were fixed for the tax year 1945 but only for that year.

After the exceptions were filed but before their dismissal, assessments were duly made [1] for the tax year 1946 and valuations made in the amounts of \$86,600.00 and \$121,000.00, which it will be noted are the same as then appeared on the assessment books for the year 1945. After their time for taking an appeal [2] from the 1946 assessments had expired, the plaintiffs filed their petition for a writ of mandamus to compel the board to reduce the assessments for the year 1946 to the amounts fixed by the court for 1945. The court below refused the petition on the ground that mandamus will not lie and that is the question before us.

Mandamus may be defined as a command issuing from a court of law of competent jurisdiction, in the name of the state or sovereign, directed to some inferior court, officer, corporation, or person, requiring the performance of a particular duty therein specified, which duty results from the official station of the party to whom it is directed or from operation of law: 18 R. C. L., p. 87, sec. 1.

---

[1] Section 8 of the Act of June 27, 1939, P. L. 1199, 53 PS 4805.8 provides, inter alia, as follows: "Upon the date fixed for receiving the returns of the assessors, the board shall proceed to examine the returns . . . and may revise, alter and amend the valuations by raising or lowering the valuations. . . . The board shall complete its revision of the assessments on or before the third Monday of September of each year. The assessments made by the assessors, as revised . . . by the board, subject to appeal therefrom as hereinafter in this act provided, shall constitute the assessed value for tax purposes . . . for the next ensuing calendar year."

[2] Sections 14 and 15 of the Act, 53 PS 4805.14 and 4805.15, provide for appeals with the board and further appeals to the court of common pleas of the county and to the Supreme and Superior courts.

In order to obtain a writ of mandamus the applicant must have a legal right to enforce which is specific, well-defined and complete. Mandamus lies only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate, appropriate and specific remedy. *Borough of Easton v. Lehigh Water Co.,* 97 Pa. 554, 560. The principle is well established that mandamus lies to compel the performance of a ministerial act, but it is equally well established that the writ will not issue to compel a revision or modification of the decision of a body in the exercise of its deliberative and discretionary powers. *Bradycamp v. Metzger,* 310 Pa. 320, 165 A. 387. " 'Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong.' " *Souder v. Philadelphia,* 305 Pa. 1, 8, 156 A. 245; *Horowitz v. Beamish,* 323 Pa. 273, 275, 185 A. 760. In *Dechert, Controller of the City and County of Philadelphia, v. Commonwealth,* 113 Pa. 229, 6 A. 229, Mr. Justice CLARK stated at page 235: "It is well settled that mandamus will lie to compel the performance by public officers of duties purely ministerial in their character, but it is equally well settled that as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion, and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment, or decision which shall be reached." Cf. *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 55 A. 2d 534.

The assessment of property for tax purposes involves the exercise of judgment and discretion on the part of

those to whom the duty and power of assessing have been delegated. In the instant case, we—like the court below—are not asked to order the Board of Revision of Taxes to correct a mere clerical error or to perform a ministerial act, but are asked to order it by a writ of mandamus to reduce the assessed valuation of the real estate in question. In such case, mandamus will not lie. *James v. The Commissioners of Bucks County*, 13 Pa. 72; *Pittsburgh School Dist. v. E. S. S. Land Co.*, 140 Pa. Superior Ct. 590, 14 A. 2d 619. See also Annotation, Mandamus as taxpayer's remedy in respect of valuation of property for taxation. 131 A. L. R. 360.

There is a further reason why the plaintiffs are not entitled to a writ of mandamus in this case. If they were aggrieved by the assessments for the year 1946, they had another "adequate, appropriate and specific remedy"—the statutory right of appeal from the assessments, and their right of appeal was not abridged—as they contend—by the failure of the board to give them notice [3] of the 1946 tax assessment. The board is required to give notice *only* when an assessment is increased (or decreased) over the assessment for the previous year. Here the assessment for 1946 was the same as the board had made for 1945 and was made before final determination by the court that the 1945 assessment should be reduced.

A writ of mandamus cannot be used as an appeal or writ of error to review the discretionary acts of subordinate tribunals. *Homan v. Mackey,* 295 Pa. 82, 144

---

[3] Section 10 of the Act of June 27, 1939, P. L. 1199, 53 PS 4805.10, provides, inter alia: "At least ten days prior to the first Monday in October of each year, the board shall give printed or written notice to the registered owners of all real property situated within the county, *the assessment upon which has been increased or decreased,* specifying the change made from the last preceding assessment, and setting forth that an appeal may be filed from such assessment on or before the first Monday of October . . ." (Italics supplied.)

A. 897; *Kaufman Construction Co. v. Holcomb,* supra, 357 Pa. 514, 55 A. 2d 534. The plaintiffs should have been vigilant in seeking their remedy and perfecting their appeal from the 1946 assessment within the time and in the manner prescribed by the Act. Mandamus is in essence an equitable remedy and where the plaintiff is not only ignorant of the facts, but has not used reasonable diligence to inform himself, the settled policy of the courts has been not to grant equitable relief. Not only is this a case where mandamus does not lie, but the plaintiffs failed to use reasonable diligence in the circumstances so that, if aggrieved by the assessment, they might avail themselves of their complete and adequate remedy at law.

Order and judgment affirmed.