# Springdale Volunteer Fire Department v. Stoup

*Esler W. Hays*, for plaintiff.

*Francis X. McCulloch*, for defendant.

MONTGOMERY, J., June 21, 1955.—On April 22, 1955, plaintiff, the Springdale Volunteer Fire Department, filed this action in mandamus against the Burgess of Springdale Borough to compel him to confirm its nominations of certain persons as special fire policemen. It is alleged that plaintiff has complied with all of the requirements of the Act of June 18, 1941, P. L. 137, as amended, 35 PS §1201, but that the burgess has refused to confirm all of the nominees proposed by plaintiff. Section 1 of the act provides inter alia:

"Section I. Any volunteer fire company in any city, borough, town or township may nominate any of its members as special fire police. All special fire police so nominated shall, before they enter upon their duties as such, be *confirmed* by the mayor of the city, the burgess of the borough or town, or the chairman of the board of commissioners or supervisors of the township, as the case may be. . . ." (Italics supplied.)

Plaintiff has proceeded with this action upon the assumption that the act as cited above allows the burgess of Springdale no discretion in confirming the nominations made by the fire company, and that the words "shall . . . be confirmed by the . . . burgess of the borough . . .", denies the burgess any right or privilege to refuse to confirm.

Trial was held on the complaint and answer on May 12, 1955, at which time evidence was presented in behalf of both parties. The determination of this controversy would appear to hinge upon a question of law, namely, whether the Act of June 18, 1941, P. L. 137, section 1, confers upon a burgess a mere ministerial duty or grants him discretion in exercising the power of confirming the nominees of the volunteer fire company.

An analysis of the legislation governing the powers of municipal officers aids in establishing the broad limitations of the duties and powers of a burgess. Under the Borough Code of July 10, 1947, P. L. 1621, section 1028, 53 PS §12939, the duties of the burgess are prescribed as follows:

"I. To preserve order in the borough; to enforce the ordinances and regulations; to hear complaints; to remove nuisances; and to *exact* a faithful performance of the duties of the officers appointed." (Italics supplied.)

It is significant that this same act, section 1127, provides:

"The burgess may, for cause and without pay, suspend any policeman until the succeeding regular meeting of the council, at which time or thereafter the council may . . . suspend, discharge, reduce in rank or reinstate such policeman."

These provisions are merely indicative of the broad executive power which has been granted and exists in burgesses and other executive officers of municipalities. It cannot be questioned that the maintenance of peace, preservation of health and safety of the citizens of the borough is a function which falls peculiarly within the police power of the municipality. As such, this function is properly exercisable by the executive officer of such municipality, in this case, the burgess.

The purpose and the function of the special fire police would appear to fall within the broad category of police powers which are regulated by the executive officer of a municipality. This is apparent upon a further reading of section 1 of the Act of June 18, 1941, P. L. 137, as amended, where it is provided:

"*When so confirmed* and sworn and displaying a badge of authority they (the Special Fire Police) shall have full power to regulate traffic and keep crowds under control at or in the vicinity of any fire on which their companies are in attendance and to exercise such other *police powers* as are necessary in order to facilitate and prevent interference with the work of firemen in extinguishing fires and, in addition, shall have *all police powers* necessary to perform their duties when functioning as special fire police at parades, accidents, floods, or other emergencies, *at the request of the governing body of any such municipality*, and when so functioning as special fire police shall be deemed to be performing the duties of their employment." (Italics supplied.)

Since it appears that the special fire police perform a "police power" function, it is not illogical to conclude

that the burgess should properly be concerned with their appointment as well as their activities. Otherwise he would be compelled to supervise and depend upon men appointed by an organization beyond the municipal government whose acts would affect the welfare of the entire municipality. Indeed, the provision that all special fire police be "confirmed" by the burgess would appear meaningless if it were not intended that the burgess exercise discretion in so confirming.

A fair and reasonable interpretation of the act indicates that the legislature intended that the burgess should properly have discretion in the approval or disapproval of men subject to his supervision. The use of the word "shall" in the present case is not the same as where it is used as a directive to a person to personally perform an act. The cases cited by plaintiff are of this nature: Deibert v. Rhodes, 291 Pa. 550; National Transit Company et al. v. Boardman, 328 Pa. 450; Crane's Appeal et al., 344 Pa. 624. Here the word "shall" is used as a condition to the assumption of duties by the nominees and not in a compelling sense as to the burgess.

Having concluded then that the act in question does not deprive a burgess of the exercise of his discretion in confirming the nominees for special fire police, we have only to determine whether or not, in this particular case, the evidence reveals a clear abuse of discretion on the part of defendant. Although this particular ground was not advanced by plaintiff in its pleading, it merits some discussion. It is clear that a plaintiff cannot invoke the extraordinary remedy of mandamus to compel the performance of an act which is discretionary unless a clear abuse of discretion is revealed: Maxwell v. Farrell School District Board of Directors, 381 Pa. 561 (1955).

In the case just cited, the court in discussing the action of mandamus observes:

"The law is clear that mandamus lies only when there is a clear legal right in the plaintiff and a corresponding duty in the defendant and only where the act requested is ministerial and not discretionary: Travis v. Teter, 370 Pa. 326, 87 A. 2d 177; Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344, 100 A. 2d 601. Cf. Kendall v. United States, 12 Peters 524, 9 L. Ed. 1181."

The court quoted from Travis v. Teter, supra, at page 330, as follows:

" '(Mandamus) is not a matter of right but in certain circumstances is a matter for the sound discretion of the court: Waters v. Samuel, 367 Pa. 618, 80 A. 2d 848. It is well settled that in a mandamus proceeding a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official (who is vested with a discretionary power) which prevails and not that of a Court or a jury or a person aggrieved; and a Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable: Kaufman Construction Co. v. Holcomb, 357 Pa. 514, 55 A. 2d 534; Tenenbaum v. D'Ascenzo, 356 Pa. 260, 51 A. 2d 757; Anderson v. Philadelphia, 348 Pa. 583, 36 A. 2d 442; Souder v. Philadelphia, 305 Pa. 1, 156 A. 245'."

The Maxwell case deals with a situation which is particularly applicable to the present controversy. This case construed section 1108 of the Public School Code of March 10, 1949, P. L. 30, which requires that a temporary professional employe cannot become a professional employe unless and until his work has been certified by the school superintendent as satis-

factory. The court concluded that in a suit for mandamus, it cannot order a school superintendent to give plaintiff a teacher's satisfactory rating, and founded such a conclusion upon the principles of law quoted above, which deny mandamus where a discretionary act is the one which is sought to be compelled.

The evidence in this case certainly does not indicate that defendant is guilty of any abuse of discretion in refusing to confirm the nominees in question. It appears that defendant had appointed eight special volunteer firemen, members of plaintiff's volunteer fire company, as special fire police. They were, appointed by plaintiff, and upon taking the oath of office, were confirmed by defendant. It further appears that the appointees were adequate, ready at all times, and willing to act as fire police. Later because of dissension within the members of plaintiff organization, plaintiff dismissed some of the special fire police confirmed by defendant without having a hearing on the cause of their dismissal. For these reasons, among others, defendant in the exercise of his discretion felt that the confirmation of the nominees submitted by plaintiff would not be to the best interests of the Borough of Springdale. Under such circumstances, this court cannot interfere with the exercise of his discretion.

An order will be drawn refusing a writ of mandamus, costs to be paid by plaintiff.

*Order of Court*

And now, to wit, June 21, 1955, after trial at which testimony was taken on the complaint and answer of the above entitled case, and after a consideration of the briefs submitted in behalf of the parties, it is ordered, adjudged, and decreed that judgment be and is hereby entered in favor of defendant, costs to be paid by plaintiff.

Eo die exception noted to plaintiff.