## Falls and Middletown Townships v. Lower Bucks County Joint Municipal Authority

*Samuel M. Snipes,* for Falls Township.
*Norvin Nathan,* for Middletown Township.
*Jack Sirott,* for defendants.

GARB, J., June 13, 1968.—We are concerned herein with two separate cases brought in the names of the Townships of Falls and Middletown, Bucks County, each against the Lower Bucks County Joint Municipal Authority, in which the complaints are virtually identical, the bases upon which the causes of action are founded the same, and both of which are under attack by identical preliminary objections in the nature of demurrers. The cases were consolidated for purposes of argument and will be jointly determined herein.

These cases involve actions in mandamus brought by each of the municipalities to compel the Lower Bucks County Joint Municipal Authority, hereinafter referred to as authority, to consent to the membership of the municipalities in the authority. Accepting all relevant facts well pleaded in the complaint as verity for purposes of these preliminary objections, Heilwood Fuel Co. Inc. v. Manor Real Estate Company, 405 Pa. 319 (1961), it appears that authority was created pursuant to the Municipality Authorities Act of May 2, 1945, as amended, P. L. 382, sec. 1, et seq., 53 PS §301, its board having been comprised at creation and at present by appointees of the Township of Bristol and the Borough of Tullytown, both in Bucks County, Pa. The authority owns and operates certain

sewers and sewer systems, sewer treatment works, waterworks, water supply works and water distribution systems, selling and distributing these services to the residents of plaintiff municipalities as well as others. Plaintiff municipalities have enacted resolutions by their respective board of supervisors and borough council manifesting their desires to become members of the authority and have transmitted such resolutions to the board of the defendant authority requesting said membership. The said resolutions of desire to become member municipalities were transmitted to the defendant authority on December 20, 1966, and to date the authority has failed in each case to take any affirmative action with regard to these resolutions.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in plaintiff and a corresponding duty in defendant, and a want of any other appropriate and adequate remedy: Boslover Ahavas Achim Belzer Association v. Philadelphia Redevelopment Authority, 425 Pa. 535 (1967). Section 3.1 of the Municipality Authorities Act of 1945, P. L. 382, 53 PS §304, provides in relevant part as follows:

"A. Whenever an Authority has been incorporated by two or more municipalities, any one or more of such municipalities *may* withdraw therefrom, . . . Whenever an Authority has been incorporated by one or more municipalities, any municipality not having joined in the original incorporation *may* subsequently join in the Authority.

"Any municipality *wishing* to withdraw from or to become a member of an existing Authority *shall* signify its desire by resolution or ordinance. *If* the Authority shall by resolution express its *consent* to such withdrawal, or joining the municipal authorities of

the withdrawing or joining municipality *shall* cause a notice of its resolution or ordinance to be published at least one time in the legal periodical of the county or counties in which the Authority is organized and at least one time in a newspaper published and of general circulation in such county or counties. Such notice *shall* contain a brief statement of the substance of the resolution or ordinance, making reference to this act, and *shall* state that on a day certain, not less than three days after publication of the notice, an application to withdraw from, or to become a member of the Authority, as the case may be, will be filed with the Secretary of the Commonwealth.

"B. On or before the day specified in the notice the municipal authorities *shall* file such application with the Secretary of the Commonwealth, together with proof of publication of the notice hereby required. . . . The application *shall* set forth all of the information required in the case of original incorporation. . . . The application in all cases *shall* be executed by the proper officers of the withdrawing or incoming municipality . . . and *shall* be joined in by the proper officers of the governing body of the Authority. . . .

"C. If the Secretary of the Commonwealth finds that the application conforms to law he *shall*, forthwith, . . . endorse his approval thereon, and . . . *shall* file the same and issue a certificate of withdrawal, or a certificate of joinder. . . ." (Italics supplied.)

It is apparent from the plain reading of this statute that it constitutes a grant of discretionary power in a municipal authority to decide whether or not a member municipality may withdraw or a nonmember may join. As such, mandamus would not lie to compel the authority to exercise this discretion in a particular manner. In the only case we have been able to find construing this section, Warrington Township v. Central Bucks Sanitary Landfill Authority, 10 Bucks 182

(1960), Judge Fullam specifically so found. It is true that in that case the question involved was plaintiff's right in mandamus as a member municipality of the authority to require the authority to consent to its withdrawal. However, we can see no logical, reasonable or grammatical reason for reaching a different result where the question is the right in mandamus to require acceptance of an applying municipality. The exact same words of permissiveness, to wit, ". . . any one or more of such municipalities *may* withdraw . . . any municipality not having joined in the original incorporation *may* subsequently join. . . . If the Authority shall by resolution express its *consent* to such withdrawal, or joining", are used to confer the option to withdraw as well as to join the authority. Such words have a permissive connotation and we agree with the conclusion of Judge Fullam in so finding. We can see no reason to give these words a different connotation with regard to a right to join as opposed to a right to withdraw where a plain reading of the act itself indicates no legislative intent to distinguish. It should be noted that all of the procedural requirements of joining or withdrawing from a municipal authority, once the authority has consented, are mandatorily set forth by use of the word "shall" throughout. We can only conclude from this that the legislature was aware of the distinction between the use of the discretionary "may" and "consent" and the mandatory "shall" in providing for the methods of joining or disassociating in the first instance and the procedural matters required to effectuate such result in the second instance.

Although we are satisfied that the provisions of the act vest discretionary authority in the members of the municipal authority and that therefore the performance of it cannot be compelled in mandamus, the preliminary objections must nonetheless be overruled and

dismissed. Mandamus is a proper proceeding in which to compel a public official who is vested with a discretionary power at least to exercise that discretion. The court cannot interfere with or control the exercise of the officials' discretion or judgment unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law. It is the discretion and judgment of the official who is vested with a discretionary power which prevails and not that of the court and a court cannot compel such official to exercise his discretion in a manner which will produce a result which the court may deem wise or desirable. However, the official can be compelled to exercise his discretion in some way: Travis v. Teter, 370 Pa. 326 (1952) and Hotel Casey Company v. Ross, 343 Pa. 573 (1942). Inasmuch as the complaint alleges that defendant authority has refused to take any action whatsoever with regard to plaintiffs' application to join, to that extent and to that extent only plaintiffs have pleaded a sufficient cause of action.

Inasmuch as the preliminary objections must be dismissed and defendant required to file an answer, we note only in passing that we are not able to determine on the pleadings now before us the constitutional issues raised by plaintiffs. The principles of Gray v. Sanders, 372 U. S. 368, 83 S. Ct. 801, 9 L. ed. 2d 821, and Reynolds v. Sims, 377 U. S. 533, 84 S. Ct. 1362, 12 L. ed. 2d 506 of "one man-one vote" do not apply to a nonelective, nonlegislative body: Sailors v. Board of Education of the County of Kent, 387 U. S. 105 (1966). The doctrine of Sailors v. Board of Education of the County of Kent, supra, was not overruled but was specifically affirmed by Avery v. Midland County, 390 U. S. 474 (1968). In reaffirming that the equal protection clause of the Fourteenth Amendment of the United States Constitution forbids election of local government officials from districts of disparate size,

Avery v. Midland County, supra, held that there is little difference in terms of the application of the equal protection provision of the Fourteenth Amendment as enunciated in Reynolds v. Sims, supra, between the exercise of state power by the legislatures of the states and its exercise by local elected officials. This on the theory that local governments are no more than arms of the State governments as so held in Reynolds v. Sims, supra. However, while it may often be difficult to categorize or pigeon-hole various local agencies as between "legislative" or "administrative", this distinction is very real in determining whether or not the equal protection clause of the Fourteenth Amendment must be applied. Units of government with general governmental powers over an entire geographical area must be equally apportioned while those without such general governmental powers but with only administrative powers do not necessarily demand apportionment satisfying the equal protection provisions. Quite obviously, there are insufficient facts in the pleadings before us to determine whether defendant authority exercises general governmental powers such as to require one man-one vote apportionment over the area it serves or services.[1] For the foregoing reasons we have determined that the preliminary objections must be dismissed and denied and accordingly enter the following:

### ORDER

And now, to wit, this June 13, 1968, defendants' preliminary objections are overruled, dismissed and denied and defendants granted leave to file an answer to the complaint within 20 days of the date hereof.

---

[1] We would question whether the plaintiffs in these cases, not being taxpayers or voters per se, would have standing to raise this constitutional issue.