## Naylor v. City of Chester

*Martin H. Aussenberg,* for plaintiff.

*Edward J. Zetusky, Jr.,* Assistant Solicitor, for City of Chester.

*Francis G. Pileggi,* Solicitor, for Chester Housing Authority.

DEFURIA, J., July 19, 1973.—On June 7, 1972, plaintiff, who is a tenant of the Chester Housing Authority, filed a class action seeking an injunction to compel the Chester Housing Authority to comply with sections of the City of Chester Housing Code requiring inspection and issuance of use occupancy certificates before it rerents any unit having become vacant. She seeks also to compel the Chester Housing Authority to obtain from the Department of Public Safety of the City of Chester a license to operate multi-family dwelling units and a certificate of occupancy for about 1,700 dwelling units.

Preliminary objections were filed by each defendant. The City of Chester has withdrawn its objections. The objections of the housing authority have been argued. Counsel for plaintiff indicates he does not press his demand for a preliminary injunction.

The objections relate to the issue of whether there is an adequate remedy at law and whether plaintiff should not be required to file a more specific complaint.

The complaint alleges in broad, general language violations of the United States Constitution, the laws of the United States, this Commonwealth, the city, various regulations, etc., but fails to set forth which provisions are violated, or how they are violated.

Defendant contends plaintiff's proper remedy is mandamus. Mandamus lies to compel the performance of a ministerial act or acts where there is a clear legal right in plaintiff and a corresponding duty in defendant: Travis v. Teter, 370 Pa. 326, 87 A.2d 177 (1952). Plaintiff would have standing to sue in mandamus if she possessed an independent interest in the housing code enforcement distinct from that which she shares with the general public: Dombrowski v. City of Philadelphia, 431 Pa. 199, 245 A. 2d 238 (1968). However, if the entire controversy cannot be resolved by mandamus, it is not an appropriate remedy: Lakeland Joint School District Auth. v. Scott Township School District, 414 Pa. 451, 200 A.2d 748 (1964). Furthermore, mandamus is not available to enforce a general course of official conduct or the performance of continuing duties: Lakeland Joint School District v. Scott Township School District, supra. Since mandamus is a present remedy for a present injury, it cannot prevent threatened injuries. We think equity is the proper remedy, not mandamus.

However, the violations alleged by plaintiff in the complaint are material facts upon which the cause of action is based; these should be stated in a concise and summary form.

We, therefore, make the following

### ORDER

And now, July 19, 1973, the preliminary objections relating to the adequacy of the remedy of law are dismissed, and plaintiff is directed to file a more specific complaint, within 20 days hereof, specifying the particular laws and regulations allegedly violated by defendants, when and in what manner they have been violated.