

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2008

# Bartal v. Laureldale

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bartal v. Laureldale" (2008). *2008 Decisions.* Paper 993.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/993

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2951

———

MATTHEW L. BARTAL,


Appellant,

v.

BOROUGH OF LAURELDALE,

Appellee.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 05-cv-0105)
The Honorable James Knoll Gardner, District Judge

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2008

Before: McKEE and GARTH, *Circuit Judges*, and RODRIGUEZ, *District Judge**

(Filed     June 20, 2008   )

———

OPINION OF THE COURT

———

*The Honorable Joseph H. Rodriguez, Senior District Judge for the United States
District Court, District of New Jersey, sitting by designation.

RODRIGUEZ, *District Judge*

Matthew L. Bartal appeals from the District Court's Opinion and Order granting

the motion of the Borough of Laureldale for summary judgment. The underlying

Complaint alleges, *inter alia*, that because Bartal has a property interest in his

employment, his termination without a hearing violated his right to procedural due

process conferred by the Fourteenth Amendment to the United States Constitution. For

the reasons below, we affirm the District Court's grant of summary judgment.

I.

Because we write solely for the parties, who are familiar with the facts and

procedural history of the case, we will set forth only those facts necessary to our analysis.

Bartal was hired by the Borough of Laureldale, Pennsylvania as a full time civil service

police officer on April 15, 2003. Pursuant to 53 P.S. § 46186 (1966), Bartal was subject

to a one year period of probationary employment.[2] On May 5, 2003 Bartal was charged

with five counts of criminal conduct and he subsequently plead guilty to at least one of

---

[2] The statute, 53 P.S. § 46186 (1966), provides:
    All original appointments to any position in the police force . . . shall be for
    a probationary period of not less than six months, and not for more than one
    year, but during the probationary period an appointee may be dismissed
    only for a cause specified in section 1183 of this act. If at the close of a
    probationary period the conduct of fitness of the probationer has not been
    satisfactory to the council, the probationer shall be notified in writing that
    he will not receive a permanent appointment. Thereupon, his appointment
    shall cease; otherwise his retention shall be equivalent to a permanent
    appointment.

the charges on June 23, 2003.[3]

On March 18, 2004, Bartal received a letter from the Borough informing him that his probationary period was going to be extended past April 15, 2004 "due to the two (2) felony trespass counts being re-filed by Lebanon County, PA against you and your brother." (A50.) In a subsequent letter, dated April 14, 2004, the Borough informed Bartal that he was placed on administrative leave without pay. (A46.) Bartal was terminated on April 19, 2004 — four days after his probationary term ended. (A51.)

The District Court granted summary judgment, concluding that Bartal was an employee-at-will by virtue of his probationary status and, therefore, did not have a property interest in his employment. Acknowledging the lack of binding precedent in both the Commonwealth of Pennsylvania and the Third Circuit, the District Court reasoned that because Bartal was placed on administrative leave prior to the conclusion of his probationary period, he failed to successfully complete his probationary term. The District Court also held that the Borough had a reasonable period of time after the completion of the one-year probationary period in which to determine whether or not to retain Bartal. On these grounds, the District Court concluded that the Borough's decision to terminate Bartal was within the time frame permitted by the civil service statute and that the completion of a probation period does not immediately confer permanent

---

[3] The charges were: felony criminal trespass pursuant to 18 Pa.C.S.A. § 3503(a)(1)(I); summary criminal mischief pursuant to 18 Pa.C.S.A. § 3503(a)(5); disorderly conduct pursuant to 18 Pa.C.S.A. § 5503(a); and two counts of summary harassment pursuant to 18 Pa.C.S.A. § 2709(a)(1). The parties disagree over the charges to which Bartal entered pleas of guilty.

employee status.  We agree.

## II.

This Court has jurisdiction over appeals from all final decisions of the District Courts pursuant to 28 U.S.C. § 1291.  We review a grant of summary judgment *de novo,* applying the same test as the District Court.  MBIA Ins. Corp. v. Royal Indem. Co.*,* 426 F.3d 204, 209 (3d Cir. 2005).  Summary judgment should be awarded only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  All reasonable inferences must be made in favor of the nonmoving party, and the court may not weigh the evidence or assess credibility.  Id.

## III.

The Fourteenth Amendment prohibits governmental deprivation of life, liberty, or property without due process of law.  U.S.Const. amend. XIV; Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  Probationary employees are considered employees at will and, therefore, have no property interest in their employment.  Upper Makefield Twp. v. PLRB, 753 A.2d 803 (Pa. 2000).  The Pennsylvania Supreme Court has not directly addressed whether a term of probation can be extended by a municipality or whether the successful completion of a probationary term translates into the immediate conferment of a property right in one's employment.  However, the Court's discussion in Balsinger v.

4

Zelienople, 240 A.2d 807 (Pa. 1968) is instructive.

The probationer in Balsinger was notified at a hearing that occurred during the probationary period that he was not receiving a permanent appointment. Id. at 808. Although Balsinger was at this hearing, he did not receive the written notice of his termination until after the expiration of his probationary term. Id. The Pennsylvania Supreme Court, interpreting a previous version of the probationary statute at issue here, stated that the statutory notice of termination need not be "instantaneous."[4] Id.

Here, the Borough's letters that extended Bartal's probationary term[5] and placed him on administrative leave, which were both sent to him within the probationary term, placed him on notice of the Borough's dissatisfaction. Bartal's termination notice came only four days after the probationary term ended. Therefore, like Balsinger, the fact that the notice of termination did not arrive within the probation term is inconsequential and we are persuaded that the Borough's retention of Bartal for four days beyond the expiration of his probationary period did not confer him with a permanent appointment.[6]

---

[4] The Court was interpreting 53 P.S. § 46186 (1947) as not requiring that the probationer be notified in writing of his termination before the expiration of the probationary period. The present version of the statute contains the phrase "probationary period of not less than six months and not more than one year", which replaced the phrase "probationary period of six months" contained in the 1947 version.

[5] Because we affirm on other grounds, we need not address whether a probationary term can be extended beyond the one year limitation promulgated in 53 P.S. § 46186 (1966).

[6] This conclusion fits squarely within the Pennsylvania Supreme Court's general view on the purpose and effect of probationary terms. See Travis v. Teter, 87 A.2d 177 (Pa.

As important is the fact that Bartal was placed on administrative leave prior to the conclusion of his probationary term. (A46.) As a result, he did not successfully complete the requisite one year of probationary employment.[7] Bartal's placement on administrative leave interrupted his successful completion of the probationary term. Under these facts, it cannot be said that Bartal had a property right in his employment, as he was still under the veil of probation and was, therefore, an employee- at- will at the time of his termination.

For all of these reasons, Bartal was not deprived of his Fourteenth Amendment right to due process because he was a probationary employee at the time of his termination. Therefore, we will affirm the decision of the District Court granting summary judgment in this matter.

---

1952)(Commenting on the purpose of an educational probation period, the Court stated that ". . . a wise and fair appraisal of performance . . . can best be made after the . . . entire probationary period has ended . . ." and therefore a decision on permanency can be made within a reasonable amount of time after the end of the probationary period.); see also Salked v. Civil Service Commission, 6 Pa. D. & C.2d 535, 537 (Pa. Com. Pl. 1955)(Relying on Teter for the conclusion, under a different probation statute, that a police officer's retention "beyond the probationary period of six months was [not] *ipso facto* equivalent to a permanent appointment.")

[7]On this point, the decision of the Northern District of Texas in Scott v. City of Dallas, 876 F.Supp. 852 (N.D.Tex. 1995) is instructive. There, the District Court found that police officers did not have a property right in their employment where they were placed on administrative leave prior to successfully completing their probationary term. The statute in that case specifically required successful completion of the probationary term to obtain a property right in the employment. However, the fact that the court ruled that placement on administrative leave interrupted successful completion of the probationary term is persuasive.