## Widening of Conshohocken Avenue.     Appeal of William H. H. Achuff.

*Mandamus execution—Discretion of court—Appeal operates as a certiorari.*

A mandamus execution is not a writ which issues of course at the suggestion of the plaintiff, nor as a matter of strict legal right. Its allowance is within the discretion of the court.

An appeal from the exercise of the discretion in granting or refusing a mandamus execution operates merely as a certiorari, and the appellate court will consider only the jurisdiction of the court and the regularity of the proceedings as shown by the record.

*Appeals—Discretion of court—Presumption.*

The appellate court will always give effect to the presumption of foundation in fact and sufficiency of reason which must always be held to attach to the action of a court of competent jurisdiction, acting within the limits of its discretion, when nothing to the contrary appears on the record.

*Road law—Refusing mandamus—Review.*

In the case at bar the appellate court on appeal refused to review the discretion of the court below vacating an order awarding a writ of mandamus execution, and refusing a rule to show cause why an alias mandamus should not issue to enforce payment of an award of a jury of view.

Argued Dec. 15, 1899.   Appeal, No. 174, Oct T., 1899, by William H. H. Achuff, from order of Q. S. Phila. Co., July T., 1897, docket 44, page 331, discharging rule for an alias mandamus.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEAVER, J.        •

Rule to show cause why alias mandamus should not issue.

It appears from the record that a jury of view awarded $7,000 to William H. H. Achuff, as damages in the matter of the widening of Conshohocken avenue.   The city of Philadelphia appealed from the award to the common pleas.   By agreement of counsel on November 17, 1898, it was agreed that the appeal in the case of William H. H. Achuff be and the same is hereby withdrawn.   It appears that an appeal in the nature of a certiorari to the Superior Court was also taken.   The appeal was nonprossed.   On November 26, 1898, a rule for mandamus in favor of William H. H. Achuff, for the sum of $7,000, was made

absolute.   This writ was delivered to the city solicitor's office for the purpose of indorsement, but never executed.   On April 1, 1899, the court made absolute a rule to show cause why the order of court making absolute the rule for a writ of mandamus should not be rescinded, and on June 12, 1899, discharged the rule to show cause why an alias mandamus against the city should not issue in favor of William H. H. Achuff, in the sum of $7,000, with interest from July 25, 1898.   William H. H. Achuff appealed.

*Errors assigned* among others were (1) in ordering on May 18, 1899, that the order of November 22, 1898, awarding a writ of mandamus in favor of William H. H. Achuff, should be vacated.   (2) In discharging the rule for an alias writ of mandamus, June 12, 1899.

*Henry J. Hancock*, for appellant.—Mr. Wood, the assistant city solicitor in charge of the proceedings, had authority to execute the agreement of November 17, 1898, withdrawing the appeal to the common pleas.   The act was in the scope or apparent scope of his authority : Laird v. Campbell, 100 Pa. 159 ; Griswold v. Gebbie, 126 Pa. 353.

Appellant earnestly contends the questions raised in this case are ruled by Kensington & Oxford Turnpike Co., 97 Pa. 260.

The principles of law announced in that case have since been followed, and particularly by this court in holding that only the record comes up on an appeal from the quarter sessions, and if the proceedings are regular and authorized by law they are not reviewable here: Youghiogheny River Bridge, 2 Pa. Superior Ct. 265 ; Jefferson Township Road, 3 Pa. Superior Ct. 467.

So in Keller's Appeal, 5 Pa. Superior Ct. 222, this court declined to look at anything but the regularity of the record in an appeal from an order vacating a road.

That no disputed facts will be considered by the appellate court was also held in Verona Borough's Appeal, 5 Pa. Superior Ct. 340, Hopper v. Pittsburg, 5 Pa. Superior Ct. 41, Second Avenue, 7 Pa. Superior Ct. 57, Rearick Road, 7 Pa. Superior Ct. 548, and Com. v. Hinkson, 161 Pa. 266.

This court, in affirming the award of a mandamus in Delaware County's Appeal, 1 Pa. Superior Ct. 204, said : " The

plaintiff having obtained a judgment, the validity of which is not questioned, was entitled to the fruits of it unless the county could show cause to the contrary."

And in In re Opening of Spring St., 112 Pa. 258, 262, the Supreme Court again held there was no question about the power of the court of quarter sessions to enforce its own judgments for the payment of land damages for the opening of streets by mandamus execution, and that it was its duty to do so.

In In re Lex or Mica St., 12 Phila. 622, ALLISON, P. J., held that the confirmation of a report of a jury of damages by the court of quarter sessions of Philadelphia county was a judgment against the city, and carried with it the right to enforce by writ of mandamus execution immediate payment.

*Francis L. Wayland,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee.—The appellant comes into this court upon an appeal from the order of the court of quarter sessions refusing an alias writ of mandamus. It cannot be contended that the question whether or not such a writ should issue was not within the court's discretion. What, then, is there for this court to review? It will be noted that in the city's answer to the appellant's petition for the rule to show cause why the alias writ should not issue, it is distinctly stated that the city's appeal had not been properly withdrawn, that the appellant's award was excessive, and that the withdrawal of the appeal should be stricken from the record. This answer the appellant traversed. The issues of fact and of law thus raised the court determined in the city's favor. The writ was refused and the city's contention was sustained. What is there, therefore, for this court to review?

OPINION BY BEAVER, J., February 16, 1900:

A mandamus execution is not a writ which issues, of course, at the suggestion of the plaintiff nor as a matter of strict legal right without more. It must be especially allowed by a court of competent jurisdiction. It follows, therefore, that its allowance is more or less a matter of discretion. Since Sedgeley Ave., 88 Pa. 509, the power of the court of quarter sessions to issue such a writ has not been questioned. In the present case the grounds upon which this discretion was exercised and the writ originally allowed do not appear, and indeed, as has been often

pointed out, the appeal in a case like the present operates merely as a certiorari, and we are to consider only the jurisdiction of the court and the regularity of the proceedings, as shown by the record.

The appellant complains of two several decrees, the first in which "it is ordered that the order of November 22, 1898, awarding a writ of mandamus in favor of William H. H. Achuff be and the same is hereby vacated, which was dated May 18, 1899, and the other in which a rule to show cause why an alias writ of mandamus against the city of Philadelphia should not issue in favor of William H. H. Achuff in the sum of $7,000, with interest from July 25, 1898, and costs, was discharged June 12, 1899." Whether it be, as suggested by the appellee, that the appeal by the city from the award of viewers in the quarter sessions to the court of common pleas was still pending, or for other cause or causes which do not appear upon the record in any way, we do not know but we are bound to presume that the court below had some sufficient reason for vacating an order awarding a mandamus to the plaintiff, and afterwards in discharging the rule to show cause why an alias writ of mandamus should not issue in his favor. If, as suggested, the appeal to the common pleas is still pending, that in itself would have been sufficient justifiction for both of the decrees. As to whether or not the assistant city solicitor had authority to make the agreement by which it is alleged the appeal was withdrawn or whether or not such an agreement in and of itself constituted a withdrawal, without the consent or sanction of the court, we need not now determine. It is sufficient for the purposes of this case that we give effect to the presumption of foundation in fact, and of sufficiency of the reason which must always be held to attach to the action of a court of competent jurisdiction, acting within the limits of its discretion, when nothing to the contrary appears upon the record. Kensington Turnpike Co., 97 Pa. 260, in no way conflicts with this conclusion. The question there was the striking off a judgment of confirmation more than a term after its entry by the court. The restoration of the judgment carried with it the mandamus execution. The question is here presented, is there a judgment of confirmation? Both of the decrees of the court below are affirmed and the appeal is dismissed at the cost of the appellant.