STATE EX REL. BURTON INVESTMENT COMPANY v.
JAMES G. HOUGHTON, AS BUILDING INSPECTOR
OF CITY OF MINNEAPOLIS.[1]

December 8, 1922.

No. 23,163.

**Restricted residence district—denial of peremptory writ for issue of building permit.**

Following Dexner v. Houghton, supra, page 284, it is *held* that the court properly denied an application for a peremptory writ of mandamus to compel respondent to issue a permit for the erection of an

[1]Reported in 190 N. W. 979.

apartment house in a residential district in the city of Minneapolis, during the pendency of condemnation proceedings, instituted under chapter 128, Laws 1915.

Upon the relation of Burton Investment Company the supreme court granted its alternative writ of mandamus commanding James G. Houghton, as building inspector of the city of Minneapolis, to issue or cause to be issued a building permit to relator for the erection of a three-story apartment building. The matter was heard by Hale, J., who made findings, denied relator's motion for a peremptory writ and granted respondent's motion to quash the writ. From the judgment entered pursuant to the findings, relator appealed. Affirmed.

*Josiah E. Brill,* for appellant.

*Neil M. Cronin* and *R. S. Wiggin,* for respondent.

LEES, C.

Appeal from a judgment denying a peremptory writ of mandamus and quashing the alternative writ, which commanded respondent to issue a building permit for the erection of an apartment house in the city of Minneapolis or show cause why he had not done so.

Appellant is the owner of a city lot under a contract for the purchase thereof. Respondent is the city building inspector. On April 20, 1922, appellant applied to respondent for a permit to erect the building in question. The permit was refused, and on May 9 the alternative writ was issued. Respondent answered and alleged that on May 19 the city council passed a resolution pursuant to chapter 128, p. 180, Laws 1915, designating and establishing the district in which appellant's lot is situated as a restricted residential district; that the proper city officials were proceeding to condemn the property included in the district; that the building could not be completed before the condemnation proceedings were concluded; and that the effect of granting the permit would be to enhance the damages to be awarded in such proceedings. The hearing took place on May 20. The court found that the allegations of the answer were true, discharged the alternative writ, and ordered judgment for the respondent.

The same questions are presented here as in Dexner v. Houghton, supra, page 284, 190 N. W. 179. We are urged to reconsider the decision in that case. Counsel for appellant has cited additional authorities in support of his position. He argues earnestly that by refusing to compel respondent to issue the permit the court in effect denied appellant the full and unrestricted enjoyment of its property, and that such denial cannot be justified on the ground that condemnation proceedings were pending when the application for the peremptory writ was heard. In the Dexner case it was said that we would assume that a lotowner's property rights would be impaired if he was deprived of the right to build as he pleased, but that this alone was not an all-sufficient reason for holding that the court was deprived of discretion to deny the peremptory writ. We adhere to the views expressed in that case. The facts here make a stronger case for the respondent for, in the present case, the court was asked to lend its aid to enhance appellant's damages, and this in the face of the fact that the building could not be completed before proceedings under chapter 128 were concluded.

Appellant stresses the point that, until it has been compensated for the loss of its right to use its land as it sees fit, a court is not justified in denying it a remedy which will enable it to avail itself of such right. In disposing of a somewhat similar contention in Jackman v. Rosenbaum Co. 260 U. S. 22, 43 Sup. Ct. 9, 67 L. ed. —, Mr. Justice Holmes said: "Such words as 'right' are a constant solicitation to fallacy." It is not true that a landowner has an unqualified right to use his land as he sees fit. Rights of property are not absolute, but are subject to reasonable limitations in their enjoyment. They are not invaded and the safeguards of the Constitution overthrown when a court refuses to compel a city building inspector to issue a permit to enable a lotowner to swell the damages he may claim in a condemnation proceeding instituted to fix his compensation for the loss of the right to erect a building of a particular sort upon his land.

Judgment affirmed.