Gold, Appellant, *v.* Building Committee of Warren Borough et al.

Argued March 21, 1939. Before Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*S. Y. Rossiter,* with him *C. Henry Nicholson,* for appellant.

*J. H. Alexander,* with him *S. D. Blackman* and *W. S. Clark,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 10, 1939:

Plaintiff appeals from the refusal of the court below to award a writ of mandamus against the building committee of Warren Borough, compelling them to approve an application for a permit enabling him to erect a gasoline station on a lot in the borough.

Plaintiff was informed, when he took the matter up with the borough authorities, that a zoning ordinance, placing the lot in a restricted area, had passed two of the three readings required in the borough council. It passed council on the day he applied for the mandamus and was approved and became effective the following day. While he obtained a blank application for the permit from the clerk of council, he did not have it approved by the members of the building committee, as was required. The fact is he interviewed only one member of the committee. He had made no improvements on the lot or any expenditures in connection therewith.

Whether mandamus shall issue is a matter for the exercise of a sound discretion by the court applied to; the writ is not one of absolute right: *Reading v. Com.,* 11 Pa. 196; *Achuff's Appeal,* 12 Pa. Superior Ct. 573, 38 C. J. 546, 18 R. C. L. 137.

Under such a situation as here existed, a zoning ordinance affecting the land, on passage through the borough council when the application was made for the permit to erect a structure which the ordinance inhibited, which ordinance was finally adopted before the court acted on the petition for the mandamus, the court properly exercised its discretion in refusing the mandamus: *Rohrs v. Zabriskie,* 102 N. J. L. 473, 133 A. 65; *Koplin v. South Orange,* 6 N. J. Misc. 413, 142 A. 235; *Ware v. Wichita,* 113 Kan. 153, 214 Pac. 99; *State ex rel. Hayes v. New Orleans,* 154 La. 289, 97 So. 446; *State ex rel. v. Hough-*

*ton,* 153 Minn. 518, 190 N. W. 979; *Spector v. Building Inspector of Milton,* 250 Mass. 63, 145 N. E. 265; *In Re Cherry,* 201 App. Div. 856, 193 N. Y. S. 57, aff'd 234 N. Y. 607, 138 N. E. 465; *Gulf Ref. Co. v. McKernan,* 179 N. C. 314, 102 S. E. 505, 40 A. L. R. 934.

Nothing said in *Herskovits v. Irwin,* 299 Pa. 155, 149 A. 195, in any way conflicts with this ruling. There the applicant had expended substantial sums in reliance on a preliminary permit issued to him. It was held that an attempt to revoke this permit could not be sustained.

The court properly dismissed the proceeding.

Order affirmed at appellant's cost.