## Camilli et al. v. Stufflet et al.

*Emanuel Weiss* and *Vincent Grant*, for plaintiffs.
*John S. Rhoda*, for defendants.

HESS, J., March 3, 1951.—Plaintiffs Louis Camilli and Frank Camilli are the owners of a tract of land in Alsace Township, Berks County, Pa., upon which they desire to construct and erect a building for the growing of mushrooms. Pursuant to the requirements of a so-called township building ordinance, plaintiffs made application to defendants, the Board of Supervisors of Alsace Township, for a permit to erect the desired building on the tract of land in question. The application for a permit was refused. Thereafter, plaintiffs instituted this action in mandamus to compel the issuance of a permit alleging: (1) That the pertinent section of the building ordinance here applicable is invalid, and (2) that the refusal to issue the permit requested was under the facts arbitrary and unreasonable. Trial by jury was waived, and the testimony was heard by a judge in accordance with the stipulation of the parties.

## Findings of Fact

1. Plaintiffs Louis Camilli and Frank Camilli are residents of Temple, Berks County, Pa., and are the owners of a tract of unimproved land consisting of 4.895 acres, situate in Alsace Township, Berks County, Pa.

2. Defendants Lloyd W. Richard, Rudolph Letsche and Elwood M. Kegerise are residents of Berks County, Pa., and they constitute the Board of Supervisors of Alsace Township, Berks County, Pa.

3. The aforesaid tract of land owned by plaintiffs is more fully described as follows:

"All that certain tract or piece of land lying on the southern side of an unimproved township road, situate in the Township of Alsace, County of Berks and State of Penna.

"Containing four and eight hundred ninety-five one-thousandths acres (4.895 Acres)."

4. Article 3, sec. 1 of the Building Ordinance of the Township of Alsace, Berks County, Pa., provides, inter alia, as follows:

"No building or occupancy permit to be issued for any of the following uses until and unless the location of such use shall have been approved by the Board of Township Supervisors:

Mushroom Houses

Etc."

5. Plaintiffs purchased the aforesaid tract for the purpose of erecting thereon a building 60 by 39 feet to be used for the growing of mushrooms.

6. Plaintiffs made application with the board of supervisors for a building permit for the erection of a mushroom house on the tract, but defendants, Board of Supervisors of Alsace Township, have failed and refused to issue this permit.

7. The area within which the tract of land is located is not a residential area and the existence of a mushroom house in that section would not be a nuisance per se.

8. Plaintiffs tract of land is located along an unimproved dirt road and is surrounded by woodland and vacant farm land.

9. There are no dwelling houses in the immediate vicinity of the tract, the closest one being approximately one tenth of a mile away.

10. Piles of horse manure are used in the growing of mushrooms and are kept outside of the mushroom houses for a period of approximately three weeks twice a year, but there is no offensive odor or congregation of flies, except for brief periods during the several occasions when the piles are agitated for the purpose of allowing oxygen to get in.

11. There are other mushroom houses presently located and operating in Alsace Township, Berks County, Pa.

12. Plaintiffs paid $600 for the tract of land in question and drilled a well thereon at a cost of $267.

13. The business of growing mushrooms is not an undesirable enterprise in the community here involved; and while it entails the use of manure which gives off an odor for a brief period of time during the year, there is no evidence that this results in any detriment to the health, morals or welfare of the community wherein the land is located.

## Discussion

Plaintiffs seek by this action in mandamus to compel defendants, who collectively comprise the Board of Supervisors of Alsace Township, to approve plaintiffs' tract of land for the purpose of allowing the latter to erect a mushroom house on the site. The trial judge, by agreement of the parties, accompanied counsel to the premises in question for the purpose of visually familiarizing himself with the area. Such inspection is in accord with the testimony, and reveals that plaintiffs' land is located in a rural area and is surrounded by scrub woodland and what would appear to be undeveloped farming land. It is located along an unimproved dirt road, and only in one direction and at considerable distance can buildings of other property owners be seen. We also visited mushroom houses of other growers in the neighborhood and at the time of our visit, the latter part of August, observed no offensive odors or unusual congregation of flies. It should be noted, however, that at the time of our visit none of the growers were engaged in the process of turning the manure or filling the houses.

Plaintiffs contend that the refusal of defendants to approve the tract for the purpose in question is under the circumstances an arbitrary and unreasonable exercise of discretion on the part of the latter. They contend also that the Building Ordinance of the township

is void and unenforcible in this instance for the reason that the pertinent section allows unlimited power and discretion to the supervisors in the issuance of building permits for the types of properties set forth in the ordinance without fixing standards by which the requests for permits shall be measured. Defendants contend that the ordinance is valid and that their action refusing the permit was a proper exercise of discretion for the reason that to permit the erection of a building for the growing of mushrooms on the tract would be detrimental to the health and welfare of persons living in the area.

We do not deem it necessary for us to pass upon the validity of the ordinance. "Whether mandamus shall issue is a matter for the exercise of a sound discretion by the court applied to; the writ is not one of absolute right": (citing cases) Gold v. Building Committee of Warren Borough et al., 334 Pa. 10, 11. If in fact the operation of the business plaintiffs seek to operate is a nuisance per se or is harmful to the health and welfare of residents of the area, the court, in the exercise of its discretion, would not compel the supervisors to permit the building to be erected regardless of the status of the pertinent ordinance. The township supervisors have by legislative mandate the authority "to prohibit nuisances" (Act of July 10, 1947, P. L. 1481, sec. 702, subsec. 12), and if in the fulfillment of such power, the governing body of the township in the exercise of a sound discretion prohibits a nuisance, this court would not grant to plaintiffs the relief now sought. "No one has a vested right in a nuisance": Township of Neshannock v. Bradley, 52 D. & C. 136, 144.

Defendants contend, as we previously stated, that the business plaintiffs desire to operate in the building they seek to erect is detrimental to the health and welfare of the community. Witnesses called by defendants, in-

cluding two of the supervisors, testified to undesirable odors and manure flies which they say are common attributes of mushroom growing establishments now located in the township. Witnesses for plaintiffs testified to the contrary. One witness for defendants lived for a period of years in a house about equally distant from a mushroom house and a railroad siding where manure was unloaded for use in many mushroom houses. She admitted that most of the annoyance from odors and flies came from the unloading platform at the railroad siding rather than from the mushroom houses. It would appear that incident to the use of horse manure in the growing of mushrooms, there are on occasions unpleasant odors emanating from the manure. Furthermore, it is certainly apparent that some flies would breed in the manure piles. These flies have been described as a very small fly which can pass through the mesh or ordinary window screening. It would also appear that the proper use of spray materials and insecticides by the grower would in large measure eliminate annoyance to surrounding property owners. To find on the basis of the inconclusive testimony before us that plaintiffs' proposed mushroom growing establishment would be a real source of annoying odors and flies would be unreasonable. Should it in fact become a nuisance by reason of the manner in which the business is operated or conducted, persons living in the area have, of course, the right to seek to enjoin such resulting nuisance in an appropriate legal proceeding.

Defendants also contend that drainage water from the area will be contaminated from contact with the manure pile and will find its way into a stream some distance from the site, thereby contaminating the water in the stream. The testimony does not warrant our so finding. Should the fears of defendants relative to contamination be realized, they or other interested parties

have the right to seek appropriate relief from agencies of the Commonwealth and from this court.

Even though we ventured the assumption that the operation of a mushroom growing business in built-up areas might constitute a menace to the health and welfare of persons residing in such areas, we could not come to a similar conclusion in respect to the area now under consideration. It is difficult to conceive how any harmful consequences would result to people a considerable distance removed from the site in question who now live in a community that is certainly rural in character where other mushroom houses are located.

"Where a statute or ordinance interferes with the use and control of property without rational relation to public safety, health, morals or general welfare, or is a palpable invasion of rights secured by the fundamental law, the enactment cannot be sustained as a legitimate exercise of police power": White's Appeal, 287 Pa. 259, 268.

While the action of defendants in refusing a building permit to plaintiffs is alleged to be predicated upon a conclusion that to permit the building to be constructed and operated on the site in question would be harmful to the health and welfare of persons living in the community, it would appear from the testimony of one of the supervisors that a principal reason influencing the refusal of the permit was the feeling that there are sufficient mushroom houses in the area and that no more are desired. A reading of the testimony would warrant a finding that refusal of the permit was in furtherance of a desire to prohibit completely the further construction and operation of mushroom houses in the township rather than to regulate the construction thereof.

"While it is not the duty of the courts to fix the district lines or otherwise take the place of the zoning authorities, yet the latter are subject to have their work in that respect pro tanto set aside where, as

here, its application to a particular property is found, on judicial review, to be unreasonable and confiscatory": Taylor v. Haverford Township, 299 Pa. 402, 415. The record before us requires us to conclude that the action of the Board of Supervisors of Alsace Township in refusing to grant a permit to appellants for the construction of a mushroom growing building on the premises in controversy, as applied to this particular property, is unreasonable and not a proper exercise of discretion.

There was introduced into evidence by plaintiffs a letter addressed to the supervisors by their solicitor advising them to approve the request for the permit sought by plaintiffs (exhibit 1). Defendants might well have followed the advice of their learned solicitor for his letter represents in our opinion a succinct and accurate statement of the case and the law that is applicable.

### Conclusions of Law

1. Mandamus will lie here to compel the Board of Supervisors of Alsace Township to issue a permit to plaintiffs to build a mushroom house.

2. A mushroom house at the proposed location is not a nuisance per se.

3. The refusal of the board of supervisors to grant the building permit was arbitrary, unreasonable and confiscatory, and therefore invalid.

4. The refusal of the board of supervisors to grant the building permit in this case was an invalid exercise of the police power, for it was not shown that the proposed building would be detrimental to health, morals or welfare of the community.

5. Costs to be paid by defendants.

And now, to wit, March 3, 1951, verdict is entered in favor of plaintiffs, and counsel may prepare and submit an order in accordance with the foregoing opinion.