City of Williamsport *v.* Commonwealth of Pennsylvania, Department of Agriculture, et al.

Argued November 17, 1970, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and BARBIERI (who has since been appointed to the Supreme Court of Pennsylvania and did not participate in the decision).

*John P. Campana,* City Solicitor, with him *Ambrose R. Campana,* Assistant City Solicitor, and *Campana and Campana,* for plaintiff.

*Edgar R. Casper,* Deputy Attorney General, with him *Jane L. Worley,* Assistant Attorney General, and *Fred Speaker,* Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., March 4, 1971:

Before this Court is a Complaint in Mandamus brought by the City of Williamsport seeking to order the Department of Agriculture to enforce the General Food Law, Act of May 13, 1909, P. L. 520, 31 P.S. §1 et seq., pursuant to its authority under Section 8 of that Act. To support its contention that there is a violation of the General Food Law, it is alleged that by fluoridating the public water supply the Williamsport Municipal Water Authority adulterates its water, asserting that water is an ingredient in the preparation of food. Specifically, the City of Williamsport wants the Department of Agriculture to institute appropriate legal action against the Water Authority to enforce the Act.

The Williamsport Municipal Water Authority has been fluoridating its water pursuant to a permit granted by the Department of Health. The Authority is now

seeking to terminate fluoridation. In a separate action, the Department of Health has moved to obtain judicial relief by enjoining the Authority's program to end fluoridation. *Commonwealth of Pennsylvania v. The Williamsport Municipal Water Authority* is pending before the Lycoming County Court of Common Pleas, No. 4, November Term, 1969 and the City of Williamsport has joined as an intervenor in that action.

Certain citizens of Williamsport have carried on a tireless fight to maintain the naturalness of their water. However, the issue before this Court is not whether fluoridation has merit. This will be determined by the Lycoming County Court of Common Pleas, *supra*.

Before us we have an allegation by the City that fluoridation of water which is used in the preparation of food is a clear violation of the General Food Law and that the Department of Agriculture has improperly and illegally refused to enforce the Act pursuant to the authority given it under Section 8. We are asked to compel the Department to perform its duty as the City sees it.

"Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy: Borough of Easton v. Lehigh Water, 97 Pa. 554, 560; Goodman v. Meade, 162 Pa. Superior Ct. 587, 60 A. 2d 577." *Travis v. Teter,* 370 Pa. 326, 330, 87 A. 2d 177 (1952) (Emphasis in Original). Defendant argues that the City's request is deficient in at least two of the cited requisites.

First, we are asked to conclude that the City does not have standing to maintain this suit. Section 4, Act of June 8, 1893, P. L. 345, 12 P.S. §1914; *Dorris v. Lloyd (No. 1),* 375 Pa. 474, 100 A. 2d 924 (1954);

*Butcher v. Philadelphia Civil Service Commission*, 163 Pa. Superior Ct. 343, 61 A. 2d 367 (1948); *Butcher v. Hersch*, 7 D. & C. 2d 418 (1956); *Commonwealth ex rel. Blanc v. Hersch*, 20 D. & C. 2d 682, 684 (1960). Alternatively, we are asked to conclude that the duty to enforce the General Food Law under Section 8 involves discretionary decisions not permitting of mandamus. *Travis v. Teter, supra; Commonwealth ex rel. McLaughlin v. Erie County*, 37 Erie 188, affirmed, 375 Pa. 344, 100 A. 2d 601 (1954); *Shamberg v. McNulty*, 72 D. & C. 488 (1950).

The posture of this case, however, is such that we find it unnecessary to pass on the merits of defendant's contention. Even if these questions were resolved in a manner most favorable to the plaintiff, this Court must dismiss the Complaint.

"A writ of mandamus is not a writ of right; and whether mandamus shall issue is a matter for the exercise of a sound discretion by the court: Gold v. Building Committee of Warren Borough, 334 Pa. 10, 5 A. 2d 367; Reading v. Commonwealth, 11 Pa. 196; Achuff's Appeal, 12 Pa. Superior Ct. 573.

"If the interests of the general public would be injuriously affected, or if the object sought to be obtained is inequitable, or oppressive, or excessively burdensome, or is likely to create disorder and confusion in municipal or governmental departments, *the courts may, in their discretion, refuse to issue the writ*: Sinking Fund Commissioners v. City of Philadelphia, 324 Pa. 129, 135, 188 A. 314; . . . 34 Am. Jur. 833, §40; 35 Am. Jur. 16, §240; 55 C.J.S. Mandamus §10a." *Waters v. Samuel*, 367 Pa. 618, 621-22, 80 A. 2d 848 (1951). (Emphasis in original). See also, *Dombrowski v. Philadelphia*, 431 Pa. 199, 245 A. 2d 238 (1968); *Commonwealth ex rel. Alessandroni v. Confluence Borough*, 427 Pa. 540, 234 A. 2d 852 (1967).

We hold that the writ sought would needlessly and adversely affect the water supply of millions of citizens throughout the Commonwealth and result in disorder and confusion between the Department of Health and Agriculture. The City is attempting to aid its water authority and its citizens in their fight to protect their exceptional local water system. However, the order which it seeks must of necessity require the Department of Agriculture to alter the operations of water systems throughout the state. If it is mandatory for the Department to prosecute violations of the General Food Law, then enforcement could not be limited to Williamsport alone.

In addition, it is conceivable that the Williamsport Municipal Water Authority would find itself enjoined as a result of the Lycoming County Common Pleas proceeding brought by the Department of Health to require fluoridation and enjoined in the proceeding before us brought by the Department of Agriculture to cease fluoridation. The resulting disorder between the governmental agencies is precisely what concerned the Court in the cases cited above.

The refusal of this Court to grant the relief sought, however, does not leave the City without any recourse. To the contrary, it would appear that the controversy may finally be put to rest. Both the City and the Authority are challenging the right of the Department of Health to compel fluoridation. Courts cannot compel the commission of an illegal act. *Brown v. Brancato*, 321 Pa. 54, 184 A. 89 (1936). If the Lycoming County Court of Common Pleas should find fluoridation of the water violates the General Food Law, it must dismiss the Complaint and refuse to issue the injunction sought by the Department of Health.

The people of Lycoming County are engaged in a controversial and principled struggle with the Depart-

ment of Health which at this point can be adequately adjudicated by the Common Pleas Courts of that County. We feel compelled to oppose the needless proliferation of this fight which would include governmental agencies and municipalities, especially where the adverse effects of this proliferation would disturb the tranquility of every community in the Commonwealth.

We do not hold that the City could under these facts succeed in the action before us. However, we do hold that under any circumstances where the effect of the issuance of a writ would be detrimental to the general public and the orderly function of governmental agencies, that writ must be denied.