# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall A. Bethke             :
                                 :
                                 :   No. 977 C.D. 2023
         v.              :
                                 :   Argued: June 2, 2025
City of Philadelphia,       :
          Appellant      :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

**OPINION BY**
**JUDGE DUMAS**                                **FILED: July 21, 2025**

The City of Philadelphia (City) appeals the order entered by the Court of Common Pleas of Philadelphia County (trial court) on August 4, 2023, which mandated the City's compliance with a previously entered, final determination of the Office of Open Records (OOR). In the underlying determination, the OOR had directed the City to produce all responsive records and/or documents requested by Randall A. Bethke (Appellee) under the Right-to-Know Law[1] (RTKL) without redaction. Upon careful review, we affirm and remand for further proceedings.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

# I. BACKGROUND[2]

In August and October 2021, Appellee submitted RTKL requests for all directives and policies of the City's Sheriff's Office. The requests were deemed denied, and Appellee appealed to the OOR. Following a review of evidence submitted and legal argument, on December 23, 2021, the OOR issued a final determination, concluding that the City had failed to meet its burden of proving that the requested records were exempt from disclosure, and ordered the City to produce the records *without redactions* no later than January 24, 2022, unless the City appealed to the trial court.

The City disregarded the OOR's decision. Instead, the City produced *redacted records* because, in its view, their unredacted disclosure would pose a threat to public safety. Additionally, and critical to the present matter, the City failed to appeal the OOR's decision to the trial court.

On February 13, 2022, Appellee commenced this action in mandamus and thereafter filed a motion for peremptory judgment.[3] The City filed preliminary objections, which were overruled, and then filed an answer to Appellee's complaint, which included new matter and numerous affirmative defenses.

Following an initial hearing, the trial court directed the City to file a motion for *nunc pro tunc* relief, seeking belated review of the OOR's final

[2] This matter has a rather complicated procedural history that has produced multiple decisions by this Court. Unless stated otherwise, we adopt the factual background for this case from: *Bethke v. City of Phila.* (Pa. Cmwlth., Nos. 406 & 702 C.D. 2022, filed Sept. 20, 2022) (*Bethke I*) (Fizzano Cannon, J.) (single-judge op.); *Bethke v. City of Phila.* (Pa. Cmwlth., Nos. 406 & 702 C.D 2022, filed May 8, 2023) (*Bethke II*); *Bethke v. City of Phila.* (Pa. Cmwlth., No. 977 C.D. 2023, filed Apr. 16, 2024) (*Bethke III*) (Wolf, J.) (single-judge op.); and the trial court's 1925(a) opinion, Trial Ct. Op. 1/26/24.

[3] Appellee's Complaint includes three counts: (1) mandamus, (2) bad faith, and (3) declaratory judgment. Compl., 2/13/22. The motion for peremptory judgment applies only to the mandamus claim.

determination, and scheduled a hearing for the City to show cause why Appellee's motion should not be granted. Appellee immediately appealed this order. The City filed the court-ordered motion, which was granted, and Appellee appealed this decision as well.

Upon review, this Court determined that the trial court lacked jurisdiction over the City's untimely appeal and "could not create such jurisdiction by ordering the City to seek *nunc pro tunc* relief to pursue such an appeal without legal justification." *Bethke II*, slip op. at 7. Accordingly, this Court vacated both orders and remanded to the trial court with express instructions to address Appellee's mandamus claim and, in so doing, limited the factual record "to include evidence that is relevant to [Appellee's] mandamus claim and the City's response thereto, and not evidence relevant in a statutory appeal of the OOR [d]etermination." *Id.* at 8.

On remand, the trial court promptly granted Appellee peremptory judgment. The City timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement, in relevant part asserting that the trial court had failed to exercise its discretion before granting mandamus relief. *See* City's Pa.R.A.P. 1925(b) Statement, 9/26/23. According to the City, the trial court should have considered whether mandamus relief was "contrary to public policy" and "would threaten the safety and security of law enforcement personnel, court staff, criminal defendants and countless city residents." *Id.*

The trial court then issued a responsive opinion but rejected the City's public policy and safety arguments as an attempt to relitigate RTKL exemptions previously rejected by the OOR. *See* Trial Ct. Op. at 6.[4]

---

[4] In this Court, Appellee filed an application to quash the City's appeal, which Appellee viewed as a collateral attack on the OOR's decision. This Court denied the application to quash,

3

## II. ISSUE

The City asserts that its failure to appeal the OOR's final determination was not dispositive in this mandamus action. City's Br. at 4. Rather, according to the City, the trial court should have "exercise[d] its discretion and weigh[ed] the equities" before granting Appellee peremptory judgment. *Id.* Specifically, in exercising this discretion, the City maintains that a trial court must consider evidence of public harm and whether the requested relief would be contrary to public policy. *See id.* at 20-23 (citing cases).

Here, according to the City, the trial court refused to consider the City's evidence and instead focused solely on the City's failure to preserve its appellate rights. *See id.* at 23-26. In so doing, the City argues, the trial court "abdicated its role in equity." *Id.* at 26. Therefore, the City urges this Court to reverse the trial court's order or, alternatively, remand with instructions for the court to consider the City's evidence, weigh the equities, and exercise its discretion.[5] *Id.* at 33.

In relevant part, Appellee responds that the City has completely ignored the relevant precedent of this Court, which clearly provides that mandamus is an appropriate vehicle to enforce a binding OOR decision. *See* Appellee Br. at 39-43 (citing *Capinski v. Upper Pottsgrove Twp.*, 164 A.3d 601, 606 (Pa. Cmwlth. 2017) (holding that mandamus is the appropriate way to compel the production of a local agency's public records); and *Cruz v. Pottsville Police Dep't* (Pa. Cmwlth., No. 244 C.D. 2022, filed Sept. 18, 2023), 2023 WL 6053547 (rejecting a police department's

---

*see* Cmwlth. Ct. Mem. & Order, 4/16/24, noting that an order granting peremptory judgment in mandamus is interlocutory but appealable as of right. *See id.* at 7 (citing Pa.R.A.P. 311(a)(5)).

[5] The City also directs our attention to its "compelling" evidence demonstrating the risk of public harm should the trial court's peremptory judgment stand. *See* City's Br. at 27-32. We will briefly address this evidence below.

4

efforts to relitigate RTKL exemptions in a mandamus action)).[6] Appellee also rejects the City's policy arguments, noting that the General Assembly has already concluded that public policy favors disclosure of government records, subject to certain exemptions that must be proven by a mere preponderance of the evidence, a burden of proof the City has already failed to meet in this case. *See id.* at 41-43. Thus, according to Appellee, the trial court did not fail to exercise its discretion; rather, it simply applied precedent to the relevant facts in this case. *See id.* at 44-45.[7]

In its reply brief, the City concedes that mandamus is appropriate to enforce an unappealed OOR determination but suggests *Capinski* is inapposite because it does not address the equitable principles that must inform the court's exercise of discretion. *See* City's Reply Br. at 3. Moreover, the City suggests that Appellee's reliance on *Cruz* is misplaced. *See id.* at 5-6. According to the City, unlike the police department in *Cruz*, the City accepts the OOR's decision and does not seek to relitigate the RTKL's personal and public safety exemptions. *See id.*

### III. DISCUSSION[8]

Under the RTKL, the records of a government agency, including local agencies, "are presumed to be public records, accessible for inspection and copying

---

[6] *Cruz* is an unreported opinion of this Court. Per our Internal Operating Procedures, a party may cite this Court's unreported memorandum opinions issued after January 15, 2008, for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[7] Appellee also asks this Court to strike evidence from the City's reproduced record which he claims was only relevant to the City's *nunc pro tunc* appeal and purports to "renew" his motion to quash. *See* Appellee's Br. at 29-39, 47-51. However, Appellee has not filed separate written applications for relief as required. *See* Pa.R.A.P. 123. We decline to consider these requests.

[8] Our review in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law and whether sufficient evidence exists to support the trial court's findings. *See Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 289 (Pa. Cmwlth. 2011).

5

by anyone requesting them, and must be made available to a requester unless they fall within specific, enumerated [exemptions] or are privileged." *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 457 (Pa. 2013). If a local agency denies access to requested records, the requester may appeal the denial to the OOR, which may then issue a final determination. *See id.* at 457-58; Section 1101 of the RTKL, 65 P.S. § 67.1101. Within 30 days of the final determination, either party may petition for review with the court of common pleas for the county where the local agency is located. *See Bowling*, 75 A.3d at 458; Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a). Absent a timely appeal, "[t]he final determinations of the [OOR] are final and binding." *Capinski*, 164 A.3d at 610; Section 1101(b)(3) of the RTKL, 65 P.S. § 67.1101(b)(3) (providing that final determinations are final orders).

In this case, Appellee appealed to the OOR the deemed denial of his request for records from the City's Sheriff's Office. Upon review, the OOR rejected the City's claims that these public records were exempt from disclosure under the RTKL and directed the City to produce these records without redaction. *See* OOR's Final Determination, 12/23/21. The City did not appeal, and this determination became final and binding. *See Capinski*, 164 A.3d at 610; Section 1101(b)(3) of the RTKL, 65 P.S. § 67.1101(b)(3). Nevertheless, the City failed to produce the requested records as directed by the OOR.

Thereafter, Appellee commenced this action in mandamus. Mandamus is "an extraordinary writ and a remedy used to compel performance of a ministerial act or a mandatory duty." *Burns v. Bd. of Dirs. of Uniontown Area Sch. Dist.*, 748 A.2d 1263, 1268 (Pa. Cmwlth. 2000). For a party to prevail in a mandamus action, it must demonstrate (1) a clear legal right in the petitioner for performance of the ministerial act or mandatory duty; (2) a corresponding duty in the respondent to

6

perform the ministerial act or mandatory duty; and (3) no other appropriate remedy available. *Id.*

This Court has determined that the RTKL imposes "a mandatory and ministerial duty upon a government agency to provide public records to a requester." *Capinski*, 164 A.3d at 606. Where the OOR has issued a final determination that the requested records are disclosable and the agency has not appealed the determination, "the requester has established a clear right to have the agency produce those public records." *Id.* Additionally, as there is no statutory remedy for the enforcement of RTKL orders to local agencies, the appropriate method for enforcing such an order is a civil action in mandamus, filed in the appropriate court of common pleas. *See id.* at 606-07; *see also, e.g.*, *Hahn v. Wilmington Twp. Lawrence Cnty.* (Pa. Cmwlth., No. 1364 C.D. 2022, filed May 17, 2024), 2024 WL 2239030 (citing *Capinski* favorably in concluding that a trial court has jurisdiction to consider and grant mandamus relief to enforce a final decision of the OOR); *Cruz*, 2023 WL 6053547 (applying *Capinksi* to reverse a trial court and grant a requester mandamus relief where a local police department failed to produce public records in accordance with a final determination of the OOR).

Finally, in this case, Appellee moved for peremptory judgment. Before a trial court may grant a motion for peremptory judgment, the moving party must meet the three mandamus elements, and "must show that on the facts of the record, and those facts that may be developed at trial, the right to judgement is clear." *See Scarnati v. Dep't of Env't Prot.*, 220 A.3d 723, 729-30 n.10 (Pa. Cmwlth. 2019). Peremptory judgment in mandamus is appropriate "where there exists no genuine issue of material fact and where the case is clear and free from doubt." *CRG Servs. Mgmt., LLC v. Lowhill Twp.*, 318 A.3d 147, 149 (Pa. Cmwlth. 2024).

Here, there is no dispute as to the following relevant facts: the OOR issued a final determination, which concluded that Appellee was entitled to the records requested because the City had failed to establish the personal and public safety exemptions under the RTKL; upon the City's failure to appeal, the OOR's determination became binding, and the City incurred a mandatory and ministerial duty to provide those records; finally, lacking another remedy, mandamus is the appropriate means to enforce the OOR's determination. On these undisputed and, frankly, indisputable facts, it is clear that the trial court properly granted Appellee's motion for peremptory judgment. *Capinski*; *CRG Servs. Mgmt., LLC*; *Scarnati*.

Moreover, the City's arguments against mandamus relief in this case are not persuasive. First, while the City has directed this Court to cases that echo the basic premise of its argument, *i.e.*, that mandamus is a discretionary remedy, not an automatic right, none of these cases address equitable or policy concerns in the RTKL context, nor do these cases question mandamus as an appropriate means to enforce a final decision of the OOR involving a local agency.[9] *See* City's Br. at 21-23 (citing, *e.g.*, *Equitable Gas Co. v. City of Pittsburgh*, 488 A.2d 270, 271-72 (Pa. 1985) (denying an energy company mandamus relief, which would have "seriously undercut[] a carefully designed legislative scheme"); *Waters v. Samuel*, 80 A.2d 848, 849 (Pa. 1951) (recognizing a mandamus court's discretion to deny relief where police officer previously misrepresented his age to manipulate the pension system and where officer's latter effort to correct his age to avoid forced retirement would likely create disorder and confusion in the department's retirement system); *Gold v.*

---

[9] This Court has recognized that mandamus may be inappropriate to enforce unappealed OOR determinations involving Commonwealth agencies, legislative agencies, and judicial agencies. *See Drack v. Tanner*, 172 A.3d 114, 119 n.10 (Pa. Cmwlth. 2017) (noting a decision by this Court in such a matter would be appealable as of right to the Pennsylvania Supreme Court, which would prefer to exercise its discretionary review). *Drack* is inapposite here.

*Bldg. Comm. of Warren Borough*, 5 A.2d 367, 367 (Pa. 1939) (recognizing mandamus court's discretion to deny building permit to applicant where borough council contemporaneously passed zoning ordinance prohibiting gasoline stations in the area); *D.N. Corp. v. Roudabush*, 164 A. 60, 61-62 (Pa. 1932) (reversing mandamus court's relief, which had directed a municipal officer to sign a waste disposal contract following city council's approval of company's proposal)).[10]

Additionally, in each case, there was some reason to doubt whether the plaintiff could establish either a clear right to relief or the defendant's duty to act, and it was this lack of clarity that triggered the Court's further inquiry into the equities or the public interest. For example, in *Equitable Gas*, the City of Pittsburgh had clearly incurred an obligation to pay a company's relocation costs; however, the company was also delinquent in paying certain annual fees to the city. 488 A.2d at 272. Observing that the legislature had provided "the political subdivision with a priority in collecting claims against those charging a counter obligation," the Court

_____

[10] Other cases cited by the City are less relevant substantively. *See, e.g.*, *Dombrowski v. City of Phila.*, 245 A.2d 238, 249 (Pa. 1968) (recognizing a mandamus court's discretion "to grant relief which differs from that specifically requested"); *Taylor v. Abernathy*, 222 A.2d 863, 868 (Pa. 1966) (modifying a mandamus court's relief because "mandamus may not compel a body vested with discretionary power to exercise that power in a certain manner or to arrive at a certain decision," particularly where "retroactive compliance with a mandatory act . . . would cause more inequity than the harm sought to be remedied"); *Travis v. Teter*, 87 A.2d 177, 179-81 (Pa. 1952) (reversing mandamus court's relief because "the county superintendent's rating of [teacher] as unsatisfactory was within his power and discretion, and was amply and legally justified" but further criticizing the mandamus court where its intrusion "would create scholastic and financial chaos"); *Seeton v. Adams*, 50 A.3d 268, 275 n.8 (Pa. Cmwlth. 2012) (citing but not applying *Travis* or *Waters*); *Chadwick v. Dauphin Cnty. Off. of Coroner*, 905 A.2d 600, 604 n.6 (Pa. Cmwlth. 2006) (*same*); *Stork v. Sommers*, 630 A.2d 984, 987 (Pa. Cmwlth. 1993) (discerning neither illegal nor invalid acts, and affirming the mandamus court's relief because treasurer's duty to sign checks was ministerial and "the exceptions to compelling performance of a ministerial act set out in *D.N. Corporation* and *Waters* did not apply"); *Gorski v. Sch. Dist. of Borough of Dickson City*, 113 A.2d 334, 337 (Pa. Super. 1955) (holding mandamus inappropriate to compel teacher's reinstatement where school district's decision involved discretion).

reasoned that the city could withhold payment. *Id.* at 275. Thus, mandamus was inappropriate because the city's duty to pay was unclear. *See id.* at 274-75. In this context, the *Equitable Gas* Court further remarked that "[r]elief in mandamus may not be granted where the result would be contrary to public policy." *Id.* at 275. *See also Gold*, 5 A.2d at 367 (deferring to the mandamus court's discretion, where the local borough's adoption of a new zoning ordinance "inhibited" the applicant's right to relief). There is no similar lack of clarity when a local agency fails to appeal a final decision of the OOR. *See Capinski*, 164 A.3d at 606.

As in *Equitable Gas*, the *Waters* Court recognized that a mandamus court could deny relief "if the interests of the general public would be injuriously affected, or if the object sought to be obtained is inequitable, or oppressive, or excessively burdensome, or is likely to create disorder and confusion in municipal or governmental departments." 80 A.2d at 849. However, in *Waters*, the plaintiff policeman's conduct was "dictated by dishonesty and constituted a fraud on the taxpayers . . . ." *Id.* Thus, the policeman's right to relief was questionable. *See id.*; *see also D.N. Corp.*, 164 A. at 62 (concluding that the plaintiff's right to have the municipal contract executed was "far from clear" because "while no actual fraud [was] alleged, . . . there does appear to be an overreaching or hoodwinking by the plaintiff of a majority of the members of city council"). There is no similar concern that Appellee has engaged in fraud or dishonesty in this case.

Second, the absence of pertinent authority favorable to the City is likely because the RTKL is the legislative expression of the public policy inquiry that the City believes the trial court must revisit before granting mandamus relief. In other words, as Appellee has argued, the General Assembly has already weighed the equities, exercised its legislative prerogative, and concluded that public policy favors

10

disclosure of government records, subject to certain limited exceptions. *See Pa. State Educ. Ass'n v. Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142, 152 (Pa. 2016) (*PSEA*) ("The RTKL is designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions.");[11] *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (*en banc*), *aff'd*, 75 A.3d 453 (Pa. 2013).

Moreover, the legislature created the OOR as a quasi-judicial tribunal with "unique administrative expertise in a specific area of the law . . . ." *Arneson v. Wolf*, 117 A.3d 374, 386 (Pa. Cmwlth.) (*en banc*), *aff'd & adopted*, 124 A.3d 1225 (Pa. 2015). The OOR "is commanded by the legislature with the obligation of applying the provisions of the RTKL and issuing determinations that adjudicate the parties' statutory rights pertaining to the disclosure of documents." *Id.* Thus, in meeting this obligation, the OOR serves the public interest as reflected in the governing statute. *See id.*[12]

Finally, we agree with the trial court that the City's proffer of new evidence did not raise any issue of material fact and is merely an attempt to relitigate

---

[11] The *PSEA* Court also recognized that "[t]he RTKL affords greater access to public records than did the [Right to Know Act, 65 P.S. §§ 66.1-66.4 (repealed, effective January 1, 2009) ("RTKA")], resulting in a dramatic expansion of the public's access to government documents." 148 A.3d at 155 (internal quotation marks removed and citation omitted).

[12] The *Arneson* Court stressed that a party's right to appeal OOR determinations "does not in any way undermine or alter the basic character of the OOR and its status as a quasi-judicial tribunal." 117 A.3d at 387. Rather, "it fulfills the same function as a court . . . ." *Id.* (quoting *Chisholm v. Defense Logistics Agency*, 656 F.2d 42, 47 (3d Cir. 1981)). The *Arneson* Court further cautioned that "[w]hen the Legislature has seen fit to enact a pervasive regulatory scheme and to establish a governmental agency possessing expertise . . . to administer that statutory scheme, a court should be reluctant to interfere in those matters and disputes which were intended by the Legislature to be considered, at least initially, by the administrative agency." *Id.* (quoting *Feingold v. Bell of Pa.*, 383 A.2d 791, 793 (Pa. 1977)).

the RTKL's personal and public safety exemptions. *See* Trial Ct. Op. at 6. In this regard, we find our unreported decision in *Cruz* persuasive. In *Cruz*, a state inmate (requester) sought a local police department's use-of-force policy. *See* slip copy at 2, 2023 WL 6053547, at *1. The request was deemed denied; the requester appealed to the OOR, but the department never filed a response, and so the OOR ordered the release of all responsive records. *See id.* The department did not appeal the decision yet refused to comply, and the requester sought mandamus relief. *See id.*, slip copy at 3-6, 2023 WL 6053547, at *2-3.

Ultimately, the matter was reviewed by this Court, which rejected the department's belated effort to establish the RTKL's public safety exception. *See id.*, slip copy at 10, 2023 WL 6053547, at *5. Noting that an agency must raise and defend all applicable exemptions before the initial factfinder, the *Cruz* Court concluded that the department had "lost the opportunity to assert its exemptions." *Id.* (citing *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 151 A.3d 1196, 1202 (Pa. Cmwlth. 2016); *Pa. Dep't of Educ. v. Bagwell*, 131 A.3d 638, 654 (Pa. Cmwlth. 2015)); *but see Bowling*, 75 A.3d at 476-77 (holding that a Chapter 13 reviewing court has authority to expand the record within the scope of its *de novo* review); Section 1303 of the RTKL, 65 P.S. § 67.1303.

Similarly here, the City failed to establish the personal and public safety exemptions before the OOR. *See* OOR's Final Determination, at 5-17. After reviewing affidavits[13] submitted by the City, the OOR made several observations. For example, while the City offered general, categorical descriptions of the directives and policies requested (use of deadly force, handling of prisoners, etc.),

---

[13] The City provided affidavits from Attorney Gales-Poland, the open records officer at the Sheriff's Office, and Vernon Muse, Chief Deputy of Special Operations. *See* OOR's Final Determination, at 5-17.

12

the OOR found that the City had failed to provide a sufficient description of the specific directives that were responsive to the request. *Id.* at 14. Additionally, the OOR found that the affidavits lacked any clear explanation as to how disclosure of these directives would be reasonably likely to cause the harm contemplated by Sections 708(b)(1)(ii), (2), or (3) of the RTKL.[14] *Id.* at 15. Instead, the OOR found that the City offered merely conclusory statements that "simply parrot the exemptions." *Id.* While the OOR recognized that further factual development, including the possibility of *in camera* review, could have proven helpful or established that redaction, at least, was appropriate, it concluded that the City had failed to meet its burden of proof. *Id.* at 17.

Now, the City has directed our attention to additional evidence, an affidavit from Undersheriff Tariq Karim El-Shabazz. *See* City's Br. at 27-32. While this evidence offers further detail, it is clearly addressed to the noted shortcomings of the City's initial attempt to establish RTKL exemptions. For example, Undersheriff El-Shabazz identifies specific paragraphs of several directives, describes their purpose, and suggests how unredacted disclosure of these directives could harm Sheriff's deputies or the public.[15] We note also that Undersheriff El-Shabazz attests that he is familiar with Appellee's request, as well as the OOR's

---

[14] *See* 65 P.S. § 67.708(b)(1)(ii), (2), (3).

[15] For example, Undersheriff El-Shabazz attests:

> Directive No. 8, Prisoner Transport, paragraph II.A.10: This paragraph refers to the number and location of deputies assigned to buses and vans transporting prisoners. Disclosing this information would pose a threat to the safety of the public and Sheriff's deputies because an ill-intentioned actor could use this information to escape, harm the public, or harm the Sheriff's deputies during a transport. By knowing the total number and locations of assigned deputies, an ill-intentioned actor would also know when the transport was neutralized.

Affidavit of Tariq Karim El-Shabazz, Undersheriff, Phila. Sheriff's Off., 3/7/22, at 3.

13

decision; he defends his Office's attempts to respond to Appellee's requests; and he suggests that his additional explanations support redactions that are responsive to the request. *See* Affidavit of Tariq Karim El-Shabazz, Undersheriff, Phila. Sheriff's Off., 3/7/22, at 1. Clearly, this additional evidence may have been relevant and admissible in proceedings before a Chapter 13 court. *See Bowling*, 75 A.3d at 476-77. However, in rejecting this evidence, we discern neither an abuse of the trial court's discretion nor any error of law. *See Orange Stones Co.*, 32 A.3d at 289. Rather, consistent with our decisions in *Capinski* and *Cruz*, the trial court properly declined to entertain a belated effort to establish RTKL exemptions.

## IV. CONCLUSION

In this case, the City failed to produce public records as directed by the OOR, nor did the City appeal the OOR's final determination. Therefore, Appellee sought and eventually received peremptory mandamus relief from the trial court. For the reasons set forth above, we affirm the trial court's interlocutory decision. As there are outstanding claims, we remand to the trial court for further proceedings.

**LORI A. DUMAS, Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall A. Bethke               :
                                        :   No. 977 C.D. 2023
                  v.              :
                                          :
City of Philadelphia,        :
                Appellant   :

## O R D E R

AND NOW, this 21st day of July, 2025, the order entered by the Court of Common Pleas of Philadelphia County on August 4, 2023, which granted Randall A. Bethke (Appellee) peremptory judgment in his claim for mandamus relief, is AFFIRMED. This matter is REMANDED for further proceedings to address Appellee's remaining claims.

Jurisdiction relinquished.

 

_____
**LORI A. DUMAS, Judge**