## In re 1948 Presidential Election

*George W. Schroeck*, for appellant.

*J. B. Held*, for registration commission.

LAUB, J., September 2, 1948.—The Registration Commission of the City of Erie, Pa., as required by section 17(*b*) of The Permanent Registration Act in Cities of the Third Class, May 25, 1937, P. L. 849, 25 PS §947-17, caused two separate special registration days to be had in a school building located at 230 East 38th Street Boulevard in the City of Erie. Petitioners, considering the school not to be centrally located as required by the act, made application to the commission for additional registration days to be had elsewhere in the City of Erie. The commission refused the request and petitioners have sought to appeal to us from the commission's ruling. The matter is now before us upon a rule to show cause entered to petitioners' application for appeal.

The forty-second and pertinent section of the Permanent Registration Act which deals with the right to appeal, provides, inter alia:

"Any person whose claim for registration has been denied by the commission, or whose name, although previously registered, has been removed and not restored by the commission upon a petition filed for that purpose as herein provided, or any qualified elector

of such city whose rights are impaired by any general order made by the commission . . . may file an appeal with the proper court of common pleas. . . ."

It is urged by petitioners that their rights have been impaired by the action of the commission, since the act, in section 17(b), supra, requires the commission to set up at least two separate registration days in suitable and centrally located places. It is their contention that the school building selected by the commission does not meet the requirements of the act. At the hearing they presented no evidence in support of their views but asserted that the site selected by the commission is obviously not centrally located within the city.

The commission points to the language of the act, which requires special registration to be held at places which are both suitable and centrally located. This, it maintains, demands that both qualifications be met. They argue that a centrally located place which is not at the same time suitable does not meet the legislative requirements. It defended its selection of the school by testimony tending to establish that it meets both tests. One of the commissioners described the attempts made by the commission to secure a site elsewhere in the city and the difficulties it encountered in these attempts. The selected site, he testified, is approximately two miles from each city limit, although there is no concentration of population to the south of it. Other possible sites, he said, were rejected by the commission for various reasons, among which were the presence of liquor dispensing permits on the premises, which, under the law, automatically excluded them from consideration, and the lack of available parking space to accommodate the expected influx of registrants.

The only problem with which we are here concerned is whether, after the commission has exercised its discretion in the selection of a site for special registra-

tions, we have the power to substitute our discretion for theirs.

The single precedent cited by counsel for either side is the decision of Judge Evans of this court in In the Matter of Special Registration of Electors in the City of Erie, November term, 1944, no. 717. In that case there were two consolidated appeals and two opinions, in both of which it was decided that the court of common pleas has no power to entertain appeals in matters of this kind unless there is a manifest abuse of discretion on the part of the commission.

In view of the fact that these cases involve judicial control over the discretionary actions of elected public officials, we consider the rule to be parallel with that which obtains in actions of mandamus. That rule was succinctly stated by Mr. Justice Clark in Dechert, Controller of the City and County of Philadelphia, v. Commonwealth, 113 Pa. 229. This rule, which was restated by Judge F. Clair Ross in Goodman v. Meade et al., 162 Pa. Superior Ct. 587, 590, holds:

"It is well settled that mandamus will lie to compel the performance by public officers of duties purely ministerial in their character, but it is equally well settled that as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion, and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment, or decision which shall be reached."

It follows that if the commission here refused to establish any special registration sites and dates as commanded by the act, we could compel it to do so. Likewise, if it established sites and dates manifestly and grossly in abuse of discretion, such action would

616

be tantamount to a refusal to obey the legislative mandate and would constitute just grounds for judicial interference. Where, however, the complaint is not that the commission has failed to act, but rather that it has acted in such a fashion as to merely disagree with petitioners' conception of a proper place and time, an appeal will not lie, for there has been no showing that petitioners have had any of their rights impaired.

*Order*

And now, to wit, September 2, 1948, the rule entered August 26, 1948, to show cause why an appeal should be allowed, is discharged.