## Boyd v. Pennsylvania Blue Shield and Medical Service Association of Pennsylvania

*Daniel W. Shoemaker,* for plaintiff.

*William H. Wood, Metzger, Hafer, Keefer, Thomas & Wood,* for defendant.

LIPSITT, J., November 23, 1971.—Before the court is a demurrer by the Medical Service Association of Pennsylvania, also known as Pennsylvania Blue Shield, the defendant, to a complaint in mandamus by Nathaniel W. Boyd, 3rd, a licensed doctor of osteopathy. The action was instituted by plaintiff to compel defendant to make certain changes in the subscription agreements and related fee schedules which it issues to its subscribers under the "Blue Shield Plan."

By way of background, defendant which is more commonly known as "Blue Shield" enters into agreements with persons or subscribers who, on remittance of a rate, are entitled to have Blue Shield pay for various specified services when performed for them by doctors. If the doctor has entered into a participating doctor's agreement with Blue Shield, the payment for the covered service is made by Blue Shield directly to the doctor. If the doctor performing the service is not a participating doctor, the payment is made by Blue Shield to the subscriber.

The services for which payment will be made and the amount which will be paid are determined by Blue Shield and are designated in the subscription agreements and the related fee schedules.

In the present complaint, plaintiff, who states he is not a participating doctor, alleges he performs specialized procedures for his patients, including Blue

Shield subscribers, which practices are either not included among the currently covered services for which Blue Shield will make payment or are included at some fee which he avers is inadequate. Thus, he seeks to compel Blue Shield to add certain of his specialized treatments to the list of available services in the fee schedules and to increase the fees which will be paid for several other specialized procedures he performs which are already included in the fee schedules.

Blue Shield has filed a preliminary objection in the nature of a demurrer, asserting the complaint fails to set forth a cause of action. It contends the complaint contains no allegations which, if true, would establish any duty on the part of Blue Shield to add additional procedures to the list of covered services for which it will make payment or to increase the amount of fees payable for certain services. Central to its argument is the basic principle in a mandamus action which requires the alleging and establishing of a clear legal right in a moving party and a corresponding duty in defendant: Goodman v. Meade, 162 Pa. Superior Ct. 587 (1948).

Plaintiff argues solely that he has a right to bring an action in mandamus under the Act of June 8, 1893, P. L. 345, as amended, 12 PS § 1911, and under Pennsylvania Rules of Civil Procedure 1091-1099. But, unfortunately, plaintiff appears to ignore the question whether his complaint does, in fact, set forth a cause of action. He argues that under the Rules of Civil Procedure, a contractual relationship between plaintiff and defendant is not a necessary element in an action in mandamus. This may, of course, be so, unless the contractual relationship is essential to establish a clear legal right in plaintiff which defendant is under a duty to recognize but fails to do.

The arguments submitted by Blue Shield appear to be unassailable. Its operations are regulated in considerable detail by the provisions of the "Nonprofit Medical, Osteopathic, Dental and Podiatry Service Corporation Act" of June 27, 1939, P. L. 1125, as amended, 40 PS §1431, et seq. Section 7(b) of that act, 40 PS §1437(b), provides, in part, for Blue Shield by its articles, bylaws or by action of its board of directors to "limit the . . . services . . . [it] will provide for its subscribers . . . and . . . enter into contracts with its subscribers . . . to secure . . . services . . . so named and delimited." Section 8(a) of that act, 40 PS §1438(a), provides for the participation of doctors and their relationship with Blue Shield. Section 12 of the act, 40 PS §1442, provides for the regulation by the Pennsylvania Insurance Department of the activities of Blue Shield. The subscription agreements, the schedule of fees which are paid for services performed and the subscription rates charged must all be approved by the Insurance Department. Accordingly, Blue Shield has authority, subject to the approval of the Pennsylvania Insurance Department, to determine what doctors' services will be covered in its agreements and what fees will be paid. Obviously, there are many doctors' services which are not covered and if a subscriber obtains such nonincluded services from a doctor, Blue Shield is under no duty to make payment for the same.

Plaintiff here makes no allegations which would establish any duty on the part of Blue Shield to alter its subscription rates and the fee schedules in the respect sought by plaintiff. Plaintiff himself is not a participating doctor, and there is no contractual or statutory relationship or status which would give him any basis for insisting upon the changes which he is seeking. His only connection with Blue Shield results

from the fact that subscribers occasionally come to him for the performance of services covered by the Blue Shield agreements.

In the case of Kassab v. Medical Service Association of Pennsylvania, Inc., 39 D. & C. 2d 723 (1966), a nonparticipating doctor of Blue Shield instituted an action in equity in Delaware County in an effort, inter alia, to compel Blue Shield to disregard a provision in its subscription agreement which prohibited subscribers from assigning their right to receive a payment from Blue Shield for services rendered them by doctors. The court refused to require Blue Shield to disregard this prohibition, because the assignments were specifically prohibited under the agreement, and it was said that a nonparticipating doctor has no right to enforce payment of Blue Shield fees directly to himself. The decision was affirmed by the Pennsylvania Supreme Court in 425 Pa. 630 (1967). Plaintiff points out that the Kassab case was in equity and under the circumstances of that proceeding, equitable principles might not apply. However, a perusal of the opinion would certainly seem to make the reasoning pertinent to the position of plaintiff here.

Moreover, and very significantly quite apart from the contractual or statutory relationship between this plaintiff and defendant, is the fact that Blue Shield is under no statutory, contractual or other duty to make the changes which this plaintiff is seeking in the subscription agreements and in the related fee schedules.

Consonant with the views expressed, we enter the following

## ORDER

And now, November 23, 1971, the demurrer of Medical Service Association of Pennsylvania to the

complaint in mandamus of Nathaniel W. Boyd, 3rd, is sustained, the action dimissed and judgment is directed to be entered in favor of defendant.