384 A.2d 1355

### Anthony PITTSMAN

v.

### Charles LUGER, Robert Pettinato, Edward Zipay, County Commissioners of Lackawanna County, Appellants.

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided April 13, 1978.

Robert Ufberg, Scranton, with him Jacob Nogi and Sheldon Rosenberg, Scranton, for appellants.

Robert W. Munley, Scranton, with him James W. McNulty, Scranton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an action in mandamus to compel appellants to reinstate appellee to a position with the Lackawanna County Department of Roads and Bridges.

Two settled requirements for mandamus are a clear legal right in the plaintiff, and a corresponding duty in the defendant. *Garratt v. Philadelphia*, 387 Pa. 442, 127 A.2d 738 (1956). Appellee argues that a duty was imposed on appellants by law in that, as a result of prior litigation between appellee's union and appellants, the lower court on February 9, 1972, ordered that proceedings for reinstatement of all employees discharged since January 3, 1972,[*] be undertaken by appellants under the provisions of a collective bargaining agreement in force between the union and appellants. As the existence of the February 9 order shows that appellee could have asked the lower court to find appellants in contempt of court for failing to comply with the order, and as mandamus does not lie if there exists an alternate remedy, *Mullen v. Board of School Directors of DuBois Area School District*, 436 Pa. 211, 259 A.2d 877 (1969); *Goodman v. Meade*, 162 Pa.Super. 587, 60 A.2d 577 (1948), the lower court had no jurisdiction over the subject matter of the suit, *Kaelin v. University of Pittsburgh*, 421 Pa. 220, 218 A.2d 798 (1966).

Accordingly, the lower court's order is reversed, and the complaint is dismissed.

HOFFMAN, J., concurs in the result.

CERCONE and VAN der VOORT, JJ., dissent and would affirm on the opinion of the lower court.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

[*] Appellee was discharged on January 25, 1972.